**UNITED STATES DISTRICT COURT**

**<u>SOUTHERN DISTRICT OF NEW YORK</u>**

CHRISTA McAULIFFE INTERMEDIATE
SCHOOL PTO, INC.; CHINESE
AMERICAN CITIZENS ALLIANCE OF
GREATER NEW YORK; ASIAN
AMERICAN COALITION FOR
EDUCATION; PHILLIP YAN HING
WONG; YI FANG CHEN; and CHI WANG,

                             Plaintiffs,

         -against-

BILL DE BLASIO, in his official capacity as
Mayor of New York; and RICHARD A.
CARRANZA, in his official capacity as
Chancellor of the New York City Department
of Education,

                            Defendants.

_____ Civ. _____ (_____)


**MEMORANDUM
IN SUPPORT OF
MOTION FOR
JUDICIAL NOTICE**

Plaintiffs submit this memorandum in support of their request for judicial notice (RJN) of documents referenced in the complaint and motion for preliminary injunction filed concurrently with this motion. Under Federal Rule of Evidence 201(b), this Court may judicially notice a fact not subject to reasonable dispute when it is generally known within the trial court's territorial jurisdiction or when it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. The Court may take judicial notice on its own and must take judicial notice if a party requests it and the court is supplied with the necessary information. *Effie Film LLC v. Pomerance*, 909 F. Supp. 2d 273, 298 (S.D.N.Y. 2012).

## I.

## THE COURT SHOULD TAKE JUDICIAL NOTICE OF
## INFORMATION CONTAINED ON GOVERNMENT WEBSITES

The Court may take judicial notice of information contained in four official government websites. First, this Court should judicially notice New York City's Demographic Snapshot, which contains demographic information for every public school in New York City, including the Economic Need Index (ENI). Compl. ¶40, n.10; Exhibits 1-5 to Kieser Decl. in Supp. of Plaintiffs' Mot. for Prelim. Inj. The exhibits to the Kieser declaration provide only the relevant data, but notice of the entire database is appropriate. Second, the Court should notice the City's website, dated June 3, 2018, specifying the City's plan to reserve 20 percent of seats at each specialized high school for participants of the Discovery Program, and limit that Program to students attending schools with an ENI of 60 percent or higher. *See* Plaintiffs' Memo. in Supp. of Mot. for Prelim. Inj. 6, n.17; RJN Exh. A. Judicial notice is proper because this information is accessible on an official government website. *See Wells Fargo Bank, N.A. v. Wright Milles Holdings, LLC*, 127 F. Supp. 2d 156, 166 (S.D.N.Y. 2016). As such, it is "clearly proper" to take judicial notice of the documents as government records. *Id.* (citing cases).

Third, the Court should take judicial notice of the Department of Education's presentation of the Discovery changes to local school districts, which is also available on the Department's website. *See* Plaintiffs' Memo. in Supp. of Mot. for Prelim. Inj. 5 n.13; RJN Exh. B. *See also Simon v. Smith & Nephew, Inc.*, 990 F. Supp. 2d 395, 399 n.1 (S.D.N.Y. 2013) (holding that courts may take judicial notice of documents issued by government agencies). The presentation states that 61 percent of Asian Americans who received offers to attend a Specialized High School in 2018 were low-income. The data contained and statements made in the presentation are also highly probative of Defendants' intent. *See* Plaintiffs' Memo. In Supp. of Prelim. Inj. 12. Fourth, the Court should take judicial notice of Defendants' press release announcing changes to the Discovery Program. Compl. ¶ 39, n.9; RJN Exh. J. The press release also contains evidence of Defendants' racially discriminatory intent, and may be judicially noticed as a document on an official government website.

## II.

### THIS COURT MAY JUDICIALLY NOTICE INFORMATION REGARDING OFFER RATES FROM MIDDLE SCHOOLS TO THE CITY'S SPECIALIZED HIGH SCHOOLS

Plaintiffs seek judicial notice of statistics concerning offer rates from middle schools to the City's Specialized High Schools. *See* Plaintiffs' Memo. in Supp. of Mot. for Prelim. Inj. 8 n.26; RJN Exh. C.[1] The statistics were published in both a June 14, 2018 *Chalk Beat* article and a June 29, 2018, *New York Times* article. Although the Chalk Beat article does not specify the source of these statistics, the *New York Times* article reveals that it published identical numbers using statistics from the New York City Department of Education. As such, the numbers are subject to

---

[1] The PDF attached as Exhibit C includes statistics for 100 schools—the maximum number that can be shown on one page. Statistics for 120 schools are accessible in the original hyperlink: https://chalkbeat.org/posts/ny/2018/06/14/where-specialized-high-school-students-come-from-and-where-they-dont/ (last visited Dec. 12, 2018).

judicial notice. *See Victoria Cruises, Inc. v. Changjiang Cruise Overseas Travel Co.*, 630 F. Supp. 2d 255, 263, n.3 (E.D.N.Y. 2008) ("The Court can take judicial notice of government statistics.").

### III.

### JUDICIAL NOTICE OF OP-EDS AND NEWSPAPER ARTICLES IN *CHALK BEAT* AND THE *NEW YORK TIMES* IS PROPER

"It is generally proper to take judicial notice of articles and Websites published on the Internet." *Patsy's Italian Restaurant, Inc. v. Banas*, 575 F. Supp. 2d 427, 443 n.18 (E.D.N.Y. 2008). Thus, this Court may take judicial notice of several articles cited by the Plaintiffs in their complaint and memorandum in support of a preliminary injunction.

First, it is proper for the Court to take judicial notice of Mayor de Blasio's op-ed, published in *Chalk Beat* on June 2, 2018, in which he called the racial makeup of the Specialized High Schools a "monumental injustice." Compl. ¶ 50 n.11; RJN Exh. D. In addition to being an article published on the internet, the op-ed carries additional veracity as a column written by de Blasio himself.

Second, this Court may take judicial notice of an August 14, 2018, *Chalk Beat* article stating that Asian-American students represented 64 percent of students admitted though Discovery this year, and 67 percent of students admitted through Discovery last year. Memo. in Supp. of Mot. for Prelim. Inj. at 5 n.14; RJN Exh. E. The article contains links to other articles, which show that the source for the author's statistics is the New York Department of Education.[2] Judicial notice of information gleaned from government websites is "clearly proper." *Wells Fargo Bank*, 127 F. Supp. 2d at166.

---

[2] https://www.chalkbeat.org/posts/ny/2018/03/07/few-black-and-hispanic-students-receive-admissions-offers-to-new-york-citys-top-high-schools-again/ (last visited Dec. 12, 2018).

Third, the Court may take judicial notice of two additional articles as articles published on the internet (*Patsy's Italian Restaurant, Inc.*, 575 F. Supp. 2d at 443 n.18): a *Chalk Beat* article lamenting that, in 2016, the Discovery program had inured to the benefit of white and Asian-American students; and a *New York Times* article stating that, before 2018, the decision whether a Specialized High School would accept students from the Discovery Program was made by each particular school. Compl. ¶ 23, n.3; RJN Exh. F.

Finally, the Court should judicially notice Chancellor Carranza's statement, which was quoted in several outlets including the *New York Times*. Compl. ¶ 51, n.14; RJN Exh. G. Chancellor Carranza stated his views that the racial makeup of the schools reflected a "narrative" that "one ethnic group owns admission to these schools." The statements support Plaintiffs' contention that Defendants' believed that New York's specialized schools are not as racially diverse as they would like, and took measures to correct that perceived deficiency.

**IV.**

**THE COURT MAY TAKE JUDICIAL NOTICE
OF MAYOR DE BLASIO'S TWEETS CONCERNING
NEW YORK'S SPECIALIZED HIGH SCHOOLS**

The Court may take judicial notice of a series of tweets by Mayor de Blasio on the day that he announced the plan at issue in this case. *See* Plaintiffs' Memo. in Supp. of Mot. for Prelim. Inj. at 7, n.22 (lamenting the low numbers of African-American and Latino students at Stuyvesant); *Id.* at 14 n.37 (tweeting a video in which de Blasio states that the student body of the Specialized High Schools will "look[] like New York City."). These tweets are attached as Exhibits H and I to this motion, and judicial notice of these tweets is proper. *See, e.g.*, *Baker-Rhett v. Aspiro AB*, 324 F. Supp. 3d 407, 411-413 (S.D.N.Y. 2018) (considering a series of tweets in a case involving New

York's deceptive business practices and false advertising statutes); *Rosario v. Clark Cty. Sch. Dist.*, 2013 WL 3679375 at *3 n.3 (D. Nev. July 3, 2013) (taking judicial notice of eight tweets).

## CONCLUSION

Plaintiffs' request for judicial notice should be granted.

DATED: December 13, 2018.

Respectfully Submitted,

_____S/ Joshua P. Thompson_____
JOSHUA P. THOMPSON, Cal. Bar No. 250955*
WENCONG FA, Cal. Bar No. 301679*
OLIVER J. DUNFORD, Cal Bar No. 320143*
CHRISTOPHER M. KIESER, Cal. Bar. No. 298486*
Pacific Legal Foundation
930 G Street
Sacramento, CA 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
E-Mail: JThompson@pacificlegal.org
E-Mail: WFa@pacificlegal.org
E-Mail: ODunford@pacificlegal.org
E-Mail: CKieser@pacificlegal.org

*Counsel for Plaintiffs*

**Pro Hac Vice Motions Pending*
