

January 7, 2019

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: <u>Christa McAuliffe Intermediate School PTO, Inc. v. Bill De Blasio</u>, 18 CV11657 (ER)(OTW)

Your Honor:

We represent Plaintiffs in the above action, who bring a constitutional challenge to Defendants' changes to the admissions process to New York City's Specialized High Schools. According to the City, results from last fall's Specialized High School Admissions Test and consequent admissions decisions are scheduled to be released in March. Plaintiffs therefore seek an immediate preliminary injunction.

Defendants were served on December 20, 2018 with the complaint, summonses, and motions for a preliminary injunction and for judicial notice of certain publicly-available facts and statements. Under Local Rule 6.1(b), Defendants' responses to Plaintiffs' motions were due January 3, 2019. Defendants missed the deadline without explanation. On January 4—and only in response to our inquiry—Defendants' counsel claimed that they had been, "perhaps mistakenly," waiting for Your Honor to respond to our motions for *pro hac vice* admission and then schedule briefing on Plaintiffs' preliminary injunction motion. They asked Plaintiffs to agree to January 24 as Defendants' deadline—three weeks after the original January 3 deadline. Concerned that delay could prejudice plaintiffs and other applicants to New York's elite schools by subjecting them to a racially discriminatory system before the Court can consider the serious allegations in Plaintiffs' complaint, we asked for a conference with Defendants' counsel this afternoon, January 7.

During the conference call, Defendants' counsel reiterated their request for a January 24 due date. We stated our concern that it is in our clients' interest to place this motion before the Court as soon as possible. Under the local rules, *all* briefing should have been completed by January 10. Defendants' counsel's failure to seek an extension before the January 3 deadline is troubling. Nevertheless, we recognize that Defendants and their counsel were not operating on full capacity over the holiday week, and we therefore offered to agree to the January 24 upon Defendants' agreement to postpone admissions decisions until this Court ruled on the preliminary injunction motion. As an alternative, we offered Defendants a deadline of January 17, still two weeks after the initial due date. Defendants' counsel refused both offers, instead countering with an offer

to file their response on January 22. We believe that the extra time for the Court to consider our motions is extremely valuable. Therefore, to protect our clients' interests and prevent what we believe is a violation of their Equal Protection rights, we must oppose Defendants' proposed briefing schedule.

Plaintiffs and their counsel respectfully ask the Court to: (1) grant our motions to appear *pro hac vice*; (2) order Defendants to respond to Plaintiffs' motions for a preliminary injunction and for judicial notice no later than January 17, 2019; and (3) set a hearing date as soon as possible after Plaintiffs' reply brief is filed on January 24, 2019 so that it may fully consider the important issues before the City's admissions decisions commence in March.

Sincerely,

*Christopher M. Kieser*

JOSHUA P. THOMPSON*
WENCONG FA*
OLIVER J. DUNFORD*
CHRISTOPHER M. KIESER*
Counsel for Plaintiffs

*Pro hac Vice* pending