UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

CHRISTA McAULIFFE INTERMEDIATE SCHOOL
PTO, Inc. et al,

                                   Plaintiffs,

        -against-

BILL DE BLASIO, in his official capacity as Mayor of
New York, et ano.,

                                  Defendants.

------------------------------------------------------------------------x

**DEFENDANTS' ANSWER**

18 CV 11657 (ER)(OTW)

Defendants, Bill de Blasio, in his official capacity as Mayor of the City of New York, and Richard A. Carranza, in his official capacity as Chancellor of the New York City Department of Education ("DOE") (collectively "Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, hereby answer the Complaint as follows:

      1.      The first sentence of paragraph "1" of the Complaint is the expression of an opinion that requires no response; deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence; and deny the allegations set forth in the third sentence.

      2.      Deny the truth of the allegations set forth in paragraph "2" of the Complaint; except admit that for the eight Specialized High Schools that rely on the Specialized High Schools admissions test ("SHSAT") for admission,[1] DOE plans to assign 20% of the seats

---

[1] There are nine Specialized High Schools in the New York City School District. In accordance with State law, admission to eight of these nine schools is based on the SHSAT. Admission to the ninth Specialized High School, Fiorello H. LaGuardia High School of Music & Art and Continued…

in the eight Specialized High Schools through the Discovery Program, and affirmatively state that such change is designed to be phased in over two school years.

3. Deny the truth of the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

4. Deny the truth of the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

5. Deny the truth of the allegations set forth in paragraph "5" of the Complaint, and affirmatively state that DOE plans to expand the number of seats assigned through the Discovery Program during the 2018-2019 and 2019-2020 school years, and that admission to 20% of the seats in the eight testing Specialized High Schools will be through the Discovery Program by the 2020-2021 school year.

6. Deny the truth of the allegations set forth in paragraph "6" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein and admit that DOE maintains offices within the Southern District of New York.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first two sentences of paragraph "7" of the Complaint, except admit that the Christa McAuliffe Intermediate School ("I.S.187") is a public school located at 1171 65th Street, Brooklyn, New York and that the Christa McAuliffe Intermediate School PTO is recognized by DOE as I.S. 187's parent organization for the school community. The third sentence is the expression of an opinion that requires no response. Deny the truth of the allegations in the fourth sentence, except admit that 274 students graduated from I.S. 187 in 2018

---

Performing Arts, is based on audition and the review of a student's portfolio and academic records.

and that more 2018 graduates of I.S. 187 attend the eight testing Specialized High Schools than graduates of any other intermediate school. Deny the allegations of the fifth sentence, except admit that 67.5% of the students who attended I.S. 187 in the 2017-2018 school year identified as Asian-American and that 65.8% of the students who attended I.S. 187 in the 2017-2018 school year qualified for free or reduced price lunch or were eligible for HRA benefits. In response to the sixth sentence, admit that I.S. 187 students will not be eligible for the Discovery Program in the 2019-2020 school year because the Economic Need Index ("ENI") of I.S. 187 is less than 0.60. In response to the seventh sentence, deny that 20% of the seats in the Specialized High Schools will be assigned through the Discovery Program for the 2019-2020 school year. In response to the eighth sentence, the allegations set forth therein are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first three sentences in paragraph "8" of the Complaint, except deny the allegations that the challenged admissions policy is devised to discriminate against Asian-American students. In response to the fourth sentence, the allegations set forth therein are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first three sentences in paragraph "9" of the Complaint. In response to the fourth sentence, the allegations set forth therein are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first four sentences in paragraph "10" of the Complaint, except

admit that A.W. is an eighth-grader at I.S. 5, a public school in Queens, and that she took the SHSAT in October 2018. Deny the allegations in the fifth and sixth sentences and affirmatively state that students at I.S. 5, who are otherwise eligible for the Discovery Program, may participate in the Discovery Program because I.S. 5 has an ENI of 0.60 or above.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first six sentences in paragraph "11" of the Complaint. In response to the seventh sentence, the allegations set forth therein are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first five sentences in paragraph "12" of the Complaint. In response to the sixth sentence, the allegations set forth therein are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

13. Deny the truth of the allegations set forth in the third sentence of paragraph "13" of the Complaint, except admit that Bill de Blasio is the Mayor of the City of New York and is sued in his official capacity and that he announced the challenged plan with Chancellor Carranza on June 3, 2018.

14. Admit the truth of the allegations set forth in the first and last sentences of paragraph "14" of the Complaint, deny the remaining allegations in the paragraph, and respectfully refer the Court to New York Education Law § 2590-h for a true and accurate statement of significant powers of the Chancellor and the Mayor's power with respect to the appointment and service of the Chancellor.

15. Paragraph "15" of the Complaint is an expression of opinion that requires no response, but to the extent a response is required, affirmatively state that DOE operates nine

Specialized High Schools, eight of which use the SHSAT in determining admission, that Stuyvesant High School, Bronx High School of Science, and Brooklyn Technical High School are the oldest and largest of the Specialized High Schools, and that many graduates of these schools are offered admission to selective colleges and universities.

16. Admit the truth of the allegations set forth in paragraph "16" of the Complaint, and affirmatively state that the correct names of two of the listed schools are: Queens High School for the Sciences at York College and the Fiorello H. LaGuardia High School of Music & Art and Performing Arts.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence in paragraph "17" of the Complaint, except admit that Stuyvesant High School has previously had the highest minimum SHSAT score for acceptance of the eight testing Specialized High Schools. Deny the allegations of the second sentence, except admit that 44.3% of the students who attended Stuyvesant High School in the 2017-2018 school year qualified for free or reduced price lunch or were eligible for HRA benefits. The third sentence is the expression of an opinion that requires no response. Admit the allegations in the fourth sentence. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fifth sentence, except admit that Stuyvesant High School reports that four of its graduates have received Nobel prizes.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence in paragraph "18" of the Complaint, except admit that Bronx High School of Science reports that eight of its graduates have received Nobel prizes. Deny the allegations of the second sentence, except admit that 44.2% of the students who

attended Bronx High School of Science in the 2017-2018 school year qualified for free or reduced price lunch or were eligible for HRA benefits.

19. Admit the truth of the allegations set forth in the first sentence of paragraph "19" of the Complaint in terms of student enrolment. Deny the allegations of the second sentence, except admit that 60.8% of the students who attended Brooklyn Technical High School in the 2017-2018 school year qualified for free or reduced price lunch or were eligible for HRA benefits. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence, except admit that Brooklyn Technical High School so reports.

20. Admit the truth of the allegations in paragraph "20" of the Complaint concerning the enrollments in school year 2017-18 in the five schools listed and affirmatively state that there is a ninth Specialized High School, the Fiorello H. LaGuardia High School of Music & Art and Performing Arts, which does not use the SHSAT in determining admission. To the extent paragraph "20" contains expression of an opinion, no response is required.

21. The allegations set forth in paragraph "21" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied, and the Court is respectfully referred to N.Y. Education Law § 2590-h(1)(b), incorporating N.Y. Education Law § 2590-g(12), as in effect on March 29, 1997, for a full and accurate statement of its contents.

22. Deny the truth of the allegations set forth in the first and third sentences of paragraph "22" of the Complaint, except admit that eight of the Specialized High Schools utilize the SHSAT in admissions decisions, and affirmatively state that the challenged plan does not

apply to LaGuardia High School. Admit the truth of the allegations in the second sentence in paragraph "22."

23. Admit the truth of the allegations set forth in paragraph "23" of the Complaint except deny that the maximum possible score on the SHSAT is 800.

24. Admit the truth of the allegations set forth in the first and second sentences of paragraph "24" of the Complaint. Deny the truth of the allegations set forth in the third sentence, except affirmatively state that 482 was the minimum score for admission to the Specialized High Schools for students not participating in the Discovery Program.

25. The allegations set forth in the first sentence of paragraph "25" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied, and the Court is respectfully referred to N.Y. Education Law § 2590-h(1)(b), incorporating N.Y. Education Law § 2590-g(12), as in effect on March 29, 1997, for a full and accurate statement of its contents. Deny the truth of the allegations set forth in the second sentence of paragraph "25" of the Complaint.

26. The allegations set forth in paragraph "26" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied, and the Court is respectfully referred to N.Y. Education Law § 2590-h(1)(b), incorporating N.Y. Education Law § 2590-g(12)(d), as in effect on March 29, 1997, for a full and accurate statement of its contents.

27. Deny the truth of the allegations set forth in paragraph "27" of the Complaint, except admit that Stuyvesant High School offered admission to 23 students through the Discovery Program in 2018, and affirmatively state that the Education Law does not cap the

size of the Discovery Program, and that the Discovery Program was much larger in the years after the enactment of the Hecht-Calandra Act than in more recent years.

28. Admit the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Deny the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Admit the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Admit the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Admit the truth of the allegations set forth in paragraph "32" of the Complaint, except deny that the percentage of students identified as Asian-American at Brooklyn Technical High School in 2017-2018 was 59.6%.

33. Deny the truth of the allegations set forth in paragraph "33" of the Complaint, and respectfully refer the Court to the statement of the Mayor and the Chancellor referenced therein for a true and complete statement of its contents.

34. Deny the truth of the allegations set forth in the first sentence of paragraph "34" of the Complaint, and admit the truth of the allegations in the second sentence.

35. Deny the truth of the allegations set forth in paragraph "35" of the Complaint, except admit that the Economic Need Index ("ENI") is an existing measure that estimates the percentage of students at a school that face economic hardship.

36. Deny the truth of the allegations set forth in the first sentence of paragraph "36" of the Complaint, except admit that the ENI is distinct from the poverty rate, and admit the allegations in the second sentence.

37. Deny the truth of the allegations set forth in paragraph "37" of the Complaint, except admit the allegations in the last three sentences of the paragraph, and affirmatively state that a student's Economic Need Value is 1.0 if:

o The student is eligible for public assistance from the NYC Human Resources Administration (HRA);

o The student lived in temporary housing in the past four years; or

o The student has a home language other than English and enrolled in a DOE school for the first time within the last four years.

Otherwise, a student's Economic Need Value is based on the percentage of families with school-age children in the student's census tract whose income is below the poverty level, as estimated by the American Community Survey Five-Year estimate. The student's Economic Need Value equals this percentage divided by 100.

38. The allegations set forth in the first three sentences of paragraph "38" of the Complaint are arguments and contentions that do not require a response, but to the extent a response is required, those allegations are denied, except admit that a student must attend a school with an ENI of 0.60 or greater to be eligible for the Discovery Program for the 2019-2020 school year. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the last sentence of paragraph "38" of the Complaint.

39. Deny the truth of the allegations set forth in paragraph "39" of the Complaint, except admit that there is an expectation that the challenged changes to the Discovery

Program will increase aggregate offers of enrollment of students identified as African-American and Latino from approximately 9% to approximately 16%, and respectfully refer the Court to the statement of the Mayor and the Chancellor referenced therein for a true and complete statement of its contents.

40. Deny the truth of the allegations set forth in the first and third sentences of paragraph "40" of the Complaint, except admit that 20 of the 191 schools where students identified as African-American constitute more than 50% of the enrolment and 9 schools where students identified as Hispanic constitute more than 50% of the enrolment have ENIs less than 0.60. Admit the truth of the allegations in the second sentence, and affirmatively state that of the approximately 12,600 students identified as Asian-American in eighth grade, approximately 8,100, or 64%, attend schools with ENIs of 0.60 or greater.

41. Deny the truth of the allegations set forth in paragraph "41" of the Complaint, and respectfully refer the Court to the press release referenced in footnote 9 of the Complaint for a true and complete statement of its contents.

42. Deny the truth of the allegations set forth in paragraph "42" of the Complaint.

43. Deny the truth of the allegations set forth in the first and second sentences of paragraph "43" of the Complaint. Deny the truth of the allegations set forth in the last sentence, except admit the truth of the allegations concerning the Citywide ENI for 2015-2016, 2016-2017, and 2017-2018.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint because it is unclear which 18 schools are referenced therein.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint because it is unclear which schools are referenced therein.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint because it is unclear which schools are referenced therein.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint because it is unclear which schools are referenced therein.

48. The allegations set forth in paragraph "48" of the Complaint are arguments and contentions that do not require a response, but to the extent a response is required, those allegations are denied.

49. Deny the truth of the allegations set forth in paragraph "49" of the Complaint, except admit that the criteria used in the Discovery Program are facially race neutral.

50. Deny the truth of the allegations set forth in paragraph "50" of the Complaint, and respectfully refer the Court to the statements of the Mayor for a true and complete statement of their contents.

51. Deny the truth of the allegations set forth in paragraph "51" of the Complaint, and respectfully refer the Court to the statement of the Chancellor for a true and complete statement of its contents.

52. Deny the truth of the allegations set forth in paragraph "52" of the Complaint, and respectfully refer the Court to the press release referenced therein for a true and complete statement of its contents, and affirmatively state that achieving greater geographic,

racial and socioeconomic diversity at the Specialized High Schools will benefit all students who attend those schools, as has been recognized by many persons and organizations, including four Asian-American organizations.[2] In addition, in the years succeeding enactment of the Hecht-Calandra Act, the Discovery Program contributed a larger percentage of students to the student bodies of Stuyvesant High School, Bronx High School of Science, and Brooklyn Technical High School, and the resulting diversity had a salutary effect as noted, for example, by a former principal of the Bronx High School of Science.[3]

53. Deny the truth of the allegations set forth in paragraph "53" of the Complaint, and respectfully refer the Court to the press release referenced in paragraph "52" of the Complaint for a true and complete statement of its contents.

---

[2] See Statements of Support by various organizations, including four Asian-American organizations, of a complaint filed in May 2012 with the Office of Civil Rights of the United States Department of Education, challenging the lack of diversity in the Specialized High Schools. These four Asian-American organizations are: The Coalition for Asian American Children and Families; the Asian American Legal Defense and Education Fund; the National Asian American Coalition and CAAAV Organizing Asian Communities. https://www.naacpldf.org/wp-content/uploads/CACF-Statement-on-Specialized-HS.pdf; https://www.naacpldf.org/wp-content/uploads/AALDEF-Statement-NYC-Specialized-High-Schools-FINAL.pdf; https://www.naacpldf.org/wp-content/uploads/CACF-Statement-on-Specialized-HS.pdf; https://www.naacpldf.org/wp-content/uploads/caaav-shs-statement-of-support.docx_.pdf (last visited on January 10, 2019.)

[3] In 1987, Milton Kopelman, then the Principal of the Bronx High School of Science, described how the Discovery Program, which was implemented at the school in 1972 and through which 10% of the students entered the school, had beneficially transformed a student body that had been primarily middle class, white, Jewish and from the Bronx, to a student body that was almost 14% students identified as African-American, 9% identified as Hispanic, and 23% identified as Asian-American and had members in a dozen different ethnic student clubs. Mr. Kopelman said that, "The diversity has created for me a more vital, interesting and exciting place, one that is more reflective of the real world." Mr. Kopelman also stated that students entering through the Discovery Program are "highly motivated" and succeeded at the school, and that two of them had won awards in the extremely prestigious national Westinghouse [now Intel] competition. *https://www.nytimes.com/1987/03/04/nyregion/excellence-and-equality-a-conflict.html* (last visited on January 10, 2019).

54. Deny the truth of the allegations set forth in paragraph "54" of the Complaint, but admit that 61% of the students identified as Asian-American, 61% of the students identified as African-American and 53% of the students identified as Hispanic who received offers to attend a Specialized High School in the 2018-2019 school year qualified for free or reduced price lunch or were eligible for HRA benefits.

55. Deny the truth of the allegations set forth in the first sentence of paragraph "55" of the Complaint. Admit the truth of the allegations set forth in the second sentence of paragraph "55."

56. Deny the truth of the allegations set forth in paragraph "56" of the Complaint, except admit that approximately two-thirds of the students participating in the Discovery Program in the 2017-2018 and 2018-2019 school years were identified as Asian-Americans.

57. Deny the truth of the allegations set forth in paragraph "57" of the Complaint.

58. In response to paragraph "58" of the Complaint, Defendants hereby re-allege each and every response contained in paragraphs "1" through "57" above as though set forth herein.

59. The allegations set forth in paragraph "59" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied, and the Court is respectfully referred to the Fourteenth Amendment of the United States Constitution for a full and accurate statement of its contents.

60. Admit the truth of the allegations set forth in paragraph "60" of the Complaint.

61. The allegations set forth in paragraph "61" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

62. Deny the truth of the allegations set forth in paragraph "62" of the Complaint.

63. Deny the truth of the allegations set forth in paragraph "63" of the Complaint.

64. Deny the truth of the allegations set forth in paragraph "64" of the Complaint, except admit that the impact of the changes is unknowable before they are applied to the test taken in October 2018.

65. Deny the truth of the allegations set forth in paragraph "65" of the Complaint.

66. The allegations set forth in paragraph "66" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

67. The allegations set forth in paragraph "67" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

68. Deny the truth of the allegations set forth in paragraph "68" of the Complaint.

69. The allegations set forth in paragraph "69" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

## FOR A FIRST AFFIRMATIVE DEFENSE

58. The Complaint fails to state a claim against the Defendants upon which relief can be granted.

## FOR A SECOND AFFIRMATIVE DEFENSE

59. The Defendants have not violated any rights, privileges, or immunities under the United States Constitution or the laws of the United States, the State of New York, or any political subdivision thereof.

## FOR A THIRD AFFIRMATIVE DEFENSE

60. Each of the named Plaintiffs lacks standing to bring this action, and the Court therefore lacks jurisdiction over the case.

## FOR A FOURTH AFFIRMATIVE DEFENSE

61. The Defendants at all times acted reasonably and in good faith and did not act with deliberate indifference to Plaintiffs' rights.

## FOR A FIFTH AFFIRMATIVE DEFENSE

62. No equitable relief, either preliminary or permanent, should be awarded. The prerequisites for both preliminary and permanent equitable relief are not satisfied.

## FOR A SIXTH AFFIRMATIVE DEFENSE

63. The Mayor is not a proper defendant in this action challenging a plan of the DOE.

**WHEREFORE**, Defendants request judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 10, 2019

ZACHARY W. CARTER
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street, Room 2-110
New York, New York 10007
(212) 356-0872

By: _____
Thomas B. Roberts
Marilyn Richter
Assistants Corporation Counsel