UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

CHRISTA McAULIFFE INTERMEDIATE SCHOOL
PTO, Inc. et al,

                                          Plaintiffs,

-against-

BILL DE BLASIO, in his official capacity as Mayor of New York, et ano.,

                                          Defendants.

-----------------------------------------------------------------x

**DECLARATION OF THOMAS ROBERTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDICIAL NOTICE**

18 CV 11657 (ER)(OTW)

**THOMAS B. ROBERTS** declares, pursuant to 28 U.S.C. §1746, under penalty of perjury, that the following is true and correct:

1. I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for Defendants Bill De Blasio and Richard A. Carranza, who are each sued in his official capacity. As such, I am familiar with the facts and circumstances of this action. I submit this declaration in opposition to Plaintiffs' Motion for Judicial Notice. (dkt. no. 19).

2. The motion seeks to have Your Honor take judicial notice of various writings pursuant to Fed. R. Evid. 201. In large measure the motion should be denied because, among other things, it is not clear what facts Plaintiffs seek to have the Court notice and because most of the writings are disputed or otherwise not entitled to judicial notice under Fed. R. Evid. 201.

3. Fed. R. Evid. 201(b) provides that a fact may be judicially noticed if the fact "is not subject to reasonable dispute because it: (1) is generally known within the trial

1

court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

4. Almost all of the documents Plaintiffs seek to have judicially noticed fail to satisfy either element of this test. Below I address each of the exhibits Plaintiffs seek to have judicially noticed, in the "1" to "5" order of exhibits attached to the Declaration of Christopher M Kieser (dkt. no. 18) and then the "A" to "J" order of exhibits attached to the Motion for Judicial Notice. (dkt. no. 19).

5. Exhibits "1" through "5" attached to the Declaration of Christopher M Kieser (dkt. no. 18) are all derived from the Demographic Snapshot published by the New York City Department of Education ("DOE"). As such, the statistics in Exhibits "1", "2", "3", and "4" are from a reliable source. While I have not checked that Mr. Kieser has correctly transcribed all of the data, the few lines I have checked were correctly transcribed, and I currently have no reason to believe he has mistranscribed the data. However, I note that his presentation of the data in Exhibits "1", "2", and "3" is misleading. In Exhibits "1" and "2", Mr. Kieser lists data concerning each school's eighth grade enrollment and then ethnic and other data concerning the entire school's student body. In Exhibit "3", Mr. Kieser lists data concerning the entire school district's eighth grade enrollment and then ethnic and other data concerning the entire school district's student body. The Court should not assume that the racial and economic profile of a school's entire student body or the district's entire student body is the same as the profile of its eighth grade class. Upon information and belief, the eighth grade profile is often different from the profile of the entire student body of a school or the district.

6. Exhibit "4" attached to the Kieser Declaration is a correct statement of the statistics concerning the eight Specialized High Schools and may be judicially noticed.

7. Exhibit "5" attached to the Kieser Declaration is a correct copy of the "notes" DOE attached to the Demographic Snapshot. It is unclear what facts set forth therein Plaintiffs seek to have noticed, and the request accordingly should be denied.

8. Exhibit "A" attached to the Motion for Judicial Notice (dkt. no. 19-1) is a press release from DOE. It is unclear what facts set forth therein Plaintiffs seek to have noticed. Moreover, press releases are not "sources whose accuracy cannot reasonably be questioned." Accordingly, the request should be denied.

9. Exhibit "B" attached to the Motion for Judicial Notice (dkt. no. 19-2) is a power point presentation from DOE. Only Part 1 of it is relevant to the Discovery Program that is being challenged in this suit, and it is unclear what facts set forth therein Plaintiffs seek to have noticed. Nowhere in the power point does DOE state or suggest that it "intends the changes to the Discovery Program to help racially balance the Specialized High Schools" Moreover, the power point describes a proposal, much of which is contingent and predictive - not factual. Power points are not "sources whose accuracy cannot reasonably be questioned," and in any case, Fed. R. Evid. 201 governs noticing of facts, not documents. The request accordingly should be denied.

10. Exhibit "C" attached to the Motion for Judicial Notice (dkt. no. 19-3) is a 22 page reprint of various articles published in Chalkbeat on June 14, 2018, including articles about admission to the Specialized High Schools, the Detroit school system, and education funding in New York State. Much of the Exhibit is irrelevant to the Discovery Program that is being challenged in this suit, and it is unclear what facts set forth therein Plaintiffs seek to have noticed. Presumably, Plaintiffs seek to have the statistics on pages 5 through 10 of the Exhibit noticed, however, it is unclear how Chalkbeat generated those statistics. Chalkbeat is not a

"source whose accuracy cannot reasonably be questioned," and in any case, Fed. R. Evid. 201 governs noticing of facts, not documents. The request accordingly should be denied.

11.     Exhibit "D" attached to the Motion for Judicial Notice (dkt. no. 19-4) is a 6 page transcription of a speech allegedly given by Mayor de Blasio and published in Chalkbeat on June 2, 2018. It is unclear what facts set forth therein Plaintiffs seek to have noticed, and Chalkbeat is not a "source whose accuracy cannot reasonably be questioned." In any event, Fed. R. Evid. 201 governs noticing of facts, not speeches. The request accordingly should be denied.

12.     Exhibit "E" attached to the Motion for Judicial Notice (dkt. no. 19-5) is a 17 page reprint of various articles published in Chalkbeat on August 14, 2018, including articles about admission to the Specialized High Schools, undocumented students in New Jersey, and again education funding in New York State. Much of the Exhibit is irrelevant to the Discovery Program that is being challenged in this suit, and it is unclear what facts set forth therein Plaintiffs seek to have noticed. Presumably, Plaintiffs seek to have the statistics on pages 2 and 3 of the Exhibit noticed, however, it is unclear how Alex Zimmerman, the author of the article generated these numbers. Mr. Zimmerman and Chalkbeat are not "sources whose accuracy cannot reasonably be questioned," and in any case, Fed. R. Evid. 201 governs noticing of facts, not documents. The request accordingly should be denied.

13.     Exhibit "F" attached to the Motion for Judicial Notice (dkt. no. 19-6) is a 5 page reprint of an article written by Winnie Hu and published in the New York Times on August 13, 2018. It is unclear what facts set forth therein Plaintiffs seek to have noticed. In any event, Ms. Hu and the New York Times are not "sources whose accuracy cannot reasonably be questioned," and Fed. R. Evid. 201 governs noticing of facts, not documents. The request accordingly should be denied.

14. Exhibit "G" attached to the Motion for Judicial Notice (dkt. no. 19-7) is a 4 page reprint of an article written by Elizabeth A. Harris and Winnie Hu that was published in the New York Times on June 5, 2018. It mischaracterizes the Chancellor's statements, takes quotes out of context, and creates an inaccurate impression. The full interview can be accessed at https://www.fox5ny.com/good-day/338399825-video. Ms. Harris, Ms. Hu and the New York Times are not "sources whose accuracy cannot reasonably be questioned," and in any case, Fed. R. Evid. 201 governs noticing of facts, not documents. The request accordingly should be denied.

15. Exhibits "H" and "I" attached to the Motion for Judicial Notice (dkt. no. 19-8 & 9) are 1 page reprints of tweets allegedly sent by Mayor de Blasio. It is unclear what facts set forth therein Plaintiffs seek to have noticed. The documents contain largely opinion - not facts. Fed. R. Evid. 201 governs noticing of facts, not documents or opinions. The request accordingly should be denied.

16. Finally, Exhibit "J" attached to the Motion for Judicial Notice (dkt. no. 19-10) is a press release from DOE dated June 3, 2018. It is unclear what facts set forth therein Plaintiffs seek to have noticed. Press releases are not "sources whose accuracy cannot reasonably be questioned," and the request accordingly should be denied.

For the foregoing reasons, with the exception of the statistics in Exhibit "4" attached to the Kieser Declaration (dkt. no. 18-4), the motion should be denied.

Dated: New York, New York
January 17, 2019

THOMAS B. ROBERTS
Assistant Corporation Counsel