UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

CHRISTA McAULIFFE INTERMEDIATE SCHOOL
PTO, Inc. et al,

                                  Plaintiffs,

-against-

BILL DE BLASIO, in his official capacity as Mayor of New York, et ano.,

                                  Defendants.

---------------------------------------------------------------------x

**DECLARATION OF THOMAS B. ROBERTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

18 CV 11657 (ER)(OTW)

**THOMAS B. ROBERTS** declares, pursuant to 28 U.S.C. §1746, under penalty of perjury, that the following is true and correct:

    1. I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for Defendants Bill De Blasio and Richard A. Carranza, who are each sued in his official capacity. As such, I am familiar with the facts and circumstances of this action. I submit this declaration in opposition to Plaintiffs' Motion for a Preliminary Injunction. (dkt. no. 10).

    2. Attached as Exhibit 1 is a true and correct copy of the Laws of 1971, Chapter 1212 (the "Hecht-Calandra Act").

    3. Attached as Exhibit 2 is a true and correct copy of the Bill Jacket for Laws of 1971, chap. 1212 (hereinafter "Chapter 1212 Bill Jacket").

    4. Attached as Exhibit 3 is a true and correct copy of the New York State bill, 1971-1972 Regular Sessions, S.5668-A/A.7006-A, dated March 2, 1971.

    5. Attached as Exhibit 4 is a true and correct copy of the NAACP LDF New York City Specialized High School Complaint dated September 27, 2012.

1

6. Attached as Exhibit 5 is a true and correct copy of *Statement on U.S. Department of Education Office of Civil Rights Complaint of the NYC Coalition for Educational Justice, et al. Regarding New York City Specialized High Schools*, CAAAV Organizing Asian Communities, September 27, 2012.

7. Attached as Exhibit 6 is a true and correct copy of *Asian American Amicus in Support of Administrative Complaint by the NAACP Legal Defense and Educational Fund*, National Asian American Coalition, October 10, 2012.

8. Attached as Exhibit 7 is a true and correct copy of *Statement on U.S. Department of Education Office of Civil Rights Complaint of the NYC Coalition for Educational Justice, et al. Regarding New York City Specialized High Schools*, The Coalition for Asian American Children and Families.

9. Attached as Exhibit 8 is a true and correct copy of *Statement on U.S. Department of Education Office of Civil Rights Complaint of the NYC Coalition for Educational Justice, et al. Regarding New York City Specialized High Schools*, Asian American Legal Defense and Education Fund (AALDEF).

10. Attached as Exhibit 9 is a true and correct copy of *Guidance on the Voluntary Use of Race to Achieve Diversity and Avoid Racial Isolation in Elementary and Secondary Schools*, USDOJ Civil Rights Division, USDOE Office for Civil Rights, 2011.

11. Attached as Exhibit 10 is a true and correct copy of *Withdrawn Affirmative Action Guidance*, USDOJ Civil Rights Division, USDOE Office for Civil Rights, July 3, 2018.

12. The information that follows is based on my review of books and records of the NYC Department of Education, my review of laws and news articles, and my personal knowledge.

13. The legislative history of the Hecht-Calandra Act, the Chapter 1212 Bill Jacket attached hereto as Exhibit 2, at page 37, includes a table that records that in September 1969 the three Specialized High Schools enrolled 403 students through the Discovery Program, 10.5% of the total enrollment, and that in September 1970 the three Specialized High Schools enrolled 702 students through the Discovery Program, 18.2% of the total enrollment.

14. In 1971, New York enacted legislation to codify the requirement that a competitive achievement examination be the main criterion for admission to the Specialized High Schools but expressly provided for a Discovery Program that was unlimited in size to admit disadvantaged students with great potential to the Specialized High Schools. See Hecht-Calandra Act, attached hereto as Exhibit 1. Indeed, the legislative history shows that the original bill contained a cap on the Discovery Program of 14% of the total enrollment, but the cap was removed based on objections from some legislators. See, Exhibits 2 & 3 hereto. The final bill that was enacted contains no cap on the Discovery Program. See, Exhibit 1 hereto.

15. The Hecht-Calandra Act demonstrates that the Discovery Program was intended to provide an alternate channel for admissions to the Specialized High Schools for disadvantaged students. The legislation authorized DOE to establish the criteria defining disadvantage and required students admitted to Specialized High Schools through the Discovery Program to successfully complete a summer school program to ensure that they were prepared to succeed in their new school.

Dated: New York, New York
January 17, 2019

THOMAS B. ROBERTS
Assistant Corporation Counsel