UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTA McAULIFFE INTERMEDIATE SCHOOL PTO, et al., | Case No. 1:18-cv-11657(ER)(OTW) |
| Plaintiffs, | |
| -against- | **REPLY IN SUPPORT OF MOTION FOR JUDICIAL NOTICE** |
| BILL de BLASIO, in his official capacity as Mayor of New York City, et al., | |
| Defendants. | |

JOSHUA P. THOMPSON, Cal. Bar No. 250955*
WENCONG FA, Cal. Bar No. 301679*
OLIVER J. DUNFORD, Cal Bar No. 320143*
CHRISTOPHER M. KIESER, Cal. Bar. No. 298486*
Pacific Legal Foundation
930 G Street
Sacramento, CA 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
E-Mail: JThompson@pacificlegal.org
E-Mail: WFa@pacificlegal.org
E-Mail: ODunford@pacificlegal.org
E-Mail: CKieser@pacificlegal.org
*Counsel for Plaintiffs*

*Pro Hac Vice* application pending

I.      THIS COURT SHOULD STRIKE THOMAS ROBERTS'S

        DECLARATION BECAUSE IT IS REPLETE WITH LEGAL ARGUMENTS

Defendants did not submit a memorandum of opposition to Plaintiffs' Motion for Judicial Notice and Memorandum in Support. Instead, Defendants oppose that motion through a declaration from Counsel Thomas B. Roberts. That is improper. "An attorney declaration or affidavit is generally used to provide the courts with documents and other evidence, for purposes of establishing a record, and should not be used as a vehicle to lobby the court." *Degelman Industries, Ltd. v. Pro-Tech Welding & Fabrication, Inc.*, No. 06-CV-6346, 2011 WL 6754053, at *2, (W.D.N.Y. May 31, 2011). Declarations, like the Roberts Declaration, that improperly include legal arguments may be stricken at the Court's discretion. *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999) (upholding decision to strike affidavit which "more resembled an adversarial memorandum than a *bona fide* affidavit"), *abrogated on other grounds by Schnabel v. Abramson*, 232 F.3d 83 (2d Cir. 2000).

II.     THIS COURT SHOULD TAKE JUDICIAL NOTICE OF

        DOCUMENTS AND FACTS REQUESTED BY THE PLAINTIFFS

The Roberts Declaration does nothing to undercut Plaintiffs' request for judicial notice. While it asserts that judicial notice cannot be taken of documents (Thomas Decl. ¶¶ 9-10, 12-15), District courts may in fact take judicial notice of documents where the documents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (quoting Fed. R. Evid. 201(b)(2)). In all events, it is clear from the papers the facts which Plaintiffs are seeking to be judicially noticed.

The Roberts Declaration does not address any of the authorities cited in Plaintiffs' Memorandum in Support. For example, although the Declaration contends (without citation) that

a press release is not judicially noticeable, Roberts Decl. ¶¶ 8, 16, it neglects to mention that the press releases were available on official government websites and are judicially noticeable as such. *See Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015). The same flaw undermines Defendants' opposition to judicial notice of a PowerPoint presentation. *See* Roberts Decl. ¶ 9. The presentation is available on the Department's website and may be noticed as a document issued by a government agency. *See Simon v. Smith & Nephew, Inc.*, 990 F. Supp. 2d 395, 399 n.1 (S.D.N.Y. 2013). Still more, the Declaration takes issue with statistics found in articles by *Chalkbeat*. *See* Roberts Decl. ¶¶ 10, 12. Yet, as Plaintiffs explained in their Memorandum, the statistics originated with the Department of Education. Memo. in Support at 2-3. This Court can take judicial notice of government statistics. *Victoria Cruises, Inc. v. Changjiang Cruise Overseas Travel Co.*, 630 F. Supp. 2d 255, 263 n.3 (E.D.N.Y. 2008).

This Court should take judicial notice of articles containing Defendants' statements. "It is generally proper to take judicial notice of articles and Websites published on the Internet." *Patsy's Italian Restaurant, Inc. v. Banas*, 575 F. Supp. 2d 427, 443 n.18 (E.D.N.Y. 2008) (taking notice of a newspaper article describing the fact that Patsy's Italian Restaurant would be opening in a new location). Although the Roberts Declaration opposed judicial notice of these statements, Roberts Decl. ¶¶ 11, 13, Defendants' opposition to Plaintiffs' Motion for a Preliminary Injunction cites the same source. *See* Opp. 28 n.15 (citing New York Times article from 1977). Finally, Defendants oppose judicial notice of tweets "allegedly sent by Mayor de Blasio" on his official Twitter account. *See* Roberts Decl. ¶ 15. Defendants do not address Plaintiffs' argument that judicial notice of tweets is proper. *See Baker-Rhett v. Aspiro AB*, 324 F. Supp. 3d 407, 411-13

(S.D.N.Y. 2018) (considering a series of tweets in a case involving New York's deceptive business practices and false advertising statutes).[1]

DATED: January 23, 2019.

Respectfully Submitted,

S/ Wencong Fa
JOSHUA P. THOMPSON, Cal. Bar No. 250955*
WENCONG FA, Cal. Bar No. 301679*
OLIVER J. DUNFORD, Cal Bar No. 320143*
CHRISTOPHER M. KIESER, Cal. Bar. No. 298486*
Pacific Legal Foundation
930 G Street
Sacramento, CA 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
E-Mail: JThompson@pacificlegal.org
E-Mail: WFa@pacificlegal.org
E-Mail: ODunford@pacificlegal.org
E-Mail: CKieser@pacificlegal.org
*Counsel for Plaintiffs*

\**Pro Hac Vice* application pending

---

[1] Plaintiffs agree with Defendants' contention that one "should not assume that the racial and economic profile of a school's entire student body or the district's entire student body is the same as the profile of its eighth grade class." Roberts Decl. ¶ 5. That said, Exhibits 1-4 are based on the best publicly available data, and Defendants admit that the statistics contained therein "are from a reliable source." *Id.* Plaintiffs submit that the data is probative and should be judicially noticed. Defendants are likely to possess additional information, and are free to supplement the record with data that is more relevant to this lawsuit.