New York Office
40 Rector Street, 5th Floor
New York, NY  10006-1738

T 212.965.2200
F 212.226.7592

www.naacpldf.org

**LDF**
DEFEND EDUCATE EMPOWER

Washington, D.C. Office
700 14th Street, NW, Suite 600
Washington, D.C.  20005

T 202.682.1300
F 202.682.1312

**VIA ECF & HAND DELIVERY**                                                                 March 29, 2019

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    **_Christa McAuliffe Intermediate School PTO, Inc., et al. v. Bill de Blasio, et al.,_
              _18 Civ. 11657 (ER)_**

Dear Judge Ramos:

      On behalf of proposed Defendant-Intervenors Teens Take Charge; Desis Rising Up & Moving ("DRUM"); Hispanic Federation, Elizabeth Pierret on behalf of her minor child O.R.; Odunlami Showa, on behalf of his minor child A.S; Rosa Velasquez, on behalf of her minor child C.M; Tiffany Bond, on behalf of her minor child K.B; and Lauren Mahoney, on behalf of her minor children N.D.F and N.E.F (collectively, "Proposed Intervenors"), counsel respectfully writes to request that the Court hold a pre-motion conference to discuss an anticipated motion to intervene pursuant to Federal Rule of Civil Procedure 24(a) or in the alternative Rule 24(b). Plaintiffs have stated that they will oppose this motion. Defendants have not yet stated a position.

      The Proposed Intervenors include: Black and Latinx 7th and 8th grade students who have applied or plan to apply to New York City's Specialized High Schools, and who meet the Discovery Program's revised eligibility criteria; an Afro-Latino student at one of the Specialized High Schools; and three community organizations that aim to combat inequality and increase diversity in all New York City Schools and, specifically, in the Specialized High Schools. Given their unique perspective as students and advocates who have faced racialized obstacles to obtaining an equal education in New York City, and the Defendants' longstanding failure to remedy those obstacles, the requested intervention is necessary to ensure that the expansion of the Discovery Program, which is intended to increase opportunity for disadvantaged students, is vigorously defended. Indeed, Proposed Intervenors strenuously object to Plaintiffs' inaccurate invocation of the Equal Protection Clause to eliminate efforts to expand racial equality and educational opportunities in an admissions process that is grossly unfair. Intervention is also necessary so that the Court is presented with the perspective of Black and Latinx students who are potentially eligible for admission to the Specialized High Schools under the expanded Discovery program.

      Pursuant to Federal Rule of Civil Procedure 24(a)(2), intervention as of right should be granted where the movant has "(1) timely file[d] an application, (2) show[ed] an interest in the action, (3) demonstrate[d] that the interest may be impaired by the disposition of the action, and

<:1/>



(4) showed that the interest is not protected adequately by the parties to the action." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 128–29 (2d Cir. 2001) (internal citations omitted). Each of these elements is satisfied here.

*First*, Proposed Intervenors' motion would be timely. This case has only been pending since December 13, 2018, and discovery is in its nascent stages. The parties have not yet exchanged any discovery requests, and the Court's recently-entered scheduling order allows for joinder of parties until May 31, 2019. Proposed Intervenors are prepared to file their motion promptly if permitted by the Court, and certainly before the joinder date. Accordingly, intervention at this stage would not cause any prejudice to the parties. *See, e.g., Sherman v. Town of Chester,* 339 F. Supp. 3d 346, 359 (S.D.N.Y. 2018) (noting Second Circuit's recognition that intervention was timely when "the parties ha[d] not even begun discovery" (quoting *Laroe Estates, Inc. v. Town of Chester*, 828 F.3d 60, 67 (2d Cir. 2016), *vacated and remanded on other grounds sub nom. Town of Chester, N.Y.*, 137 S. Ct. 1645)); *see also Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 88 (S.D.N.Y. 2018) (granting motion to intervene of right where "summary judgment briefing has not yet begun" even though "discovery deadlines have come and gone").

*Second,* the Proposed Intervenors have substantial interests that may be impaired by the disposition of this litigation. According to Defendants, the changes to the Discovery Program are likely to increase the racial diversity of the Specialized High Schools, if only modestly. Each of the Proposed Intervenors has an interest in equal educational opportunity and increased diversity at the Specialized High Schools. The current single-test admissions process for the Specialized High Schools excludes from admission many highly capable Black and Latinx students.[1] Therefore, any change that leads to increased opportunity and increased diversity in the schools would benefit all of the Proposed Intervenors. O.R., who is Afro-Latino, currently attends one of the Specialized High Schools and would benefit from increased diversity and reduced racial isolation at that school. Moreover, the Proposed Intervenors who are 7th and 8th grade students, who attend a middle school with an ENI of above 60% and who have applied or plan to apply to the Specialized High Schools, stand to benefit from the increased likelihood of admission under the expanded Discovery program. The 8th grade students found out on March 18, 2019, that they were not admitted to the Specialized High Schools on their scores alone, and the Discovery Program is now their only chance to be admitted to one of the schools. If Plaintiffs were to prevail in their challenge to Defendants' long-overdue step towards increasing access and diversity at the Specialized High Schools, Proposed Intervenors' interests would be harmed.

*Finally*, Proposed Intervenors' interests are not "adequately represent[ed]" by "the existing parties." Fed. R. Civ. P. 24(a)(2). This adequacy analysis does not require certainty about how

---

[1] For example, Black and Latinx students comprised 41% of about 28,000 eighth-graders who took the Fall 2017 SHSAT, but were only 9% of the 5,067 eighth-graders who received admissions offers to Specialized High Schools for the 2018-19 academic year. Def.'s Mot. in Opp., Dkt. No. 51 at 20-21; Chadha Decl., Dkt. No. 49, ¶ 33.



existing parties will litigate the case; it is sufficient that representation of Proposed Intervenors' interests "'may be' inadequate." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). The Proposed Intervenors include students and their parents who understand, in ways that the City Department of Education cannot, the virtues of diversity in the classroom. The institutional Defendants do not have the benefit of that perspective. And, while Defendants have thus far defended their changes to the Discovery Program, they may have competing interests that they prioritize over the defense of programs that promote diversity. The Defendants only made these changes to the Discovery Program after years of community advocacy and inaction by prior administrations, and, even then, Defendants failed to take additional measures that would have increased diversity at the Specialized High Schools, including changing the entire admission policy for the five Specialized High Schools not named in the State law that requires test-only admissions. N.Y. Educ. Law § 2590-h(1)(b). Moreover, Defendants have evinced a strong interest in ensuring the timely and efficient assignment of students to high schools. *See, e.g.,* Def.'s First Letter Mot. to Expedite, Dkt. No. 43. To the extent that this interest is prioritized above the interests that Defendants share with the Proposed Intervenors, Proposed Intervenors' interests will not be adequately represented.

While Proposed Intervenors and Defendants will both vigorously defend the City's right to use race-neutral measures like the one at issue here to increase opportunity for underrepresented students, Proposed Intervenors may also raise legal arguments regarding intentional racial discrimination in the creation of the admissions process to the Specialized High Schools and the City's responsibility for remedying the harms caused by any such discrimination. *See New York Pub. Interest Research Grp., Inc. v. Regents of Univ. of State of N.Y.*, 516 F.2d 350, 352 (2d Cir. 1975). Defendants face powerful disincentives for raising this important defense. And, without the successful intervention of Proposed Intervenors, this litigation would include individuals and organizations who oppose the Discovery Expansion, but not the students and families who stand to benefit. Proposed Intervenors' participation is needed, therefore, to "make a more vigorous presentation" of the importance of racial, as well as socio-economic and geographic diversity, in the Specialized High Schools. *Nat. Res. Def. Council, Inc. v. New York State Dep't of Envtl. Conservation*, 834 F.2d 60, 62 (2d Cir. 1987).

In the alternative, Proposed Intervenors would move this Court to grant them permissive intervention pursuant to Rule 24(b). As already set forth, Proposed Intervenors will file a timely motion and have a claim or defense that shares with the main action a common question of law. Fed. R. Civ. P. 24(b). And Proposed Intervenors offer specialized expertise and familiarity with the factual and legal issues that "will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Brennan*, 579 F.2d 188, at 191–92.

For the foregoing reasons, Proposed Intervenors respectfully request that this Court permit them to file their Motion to Intervene, pursuant to Federal Rule of Civil Procedure 24(a) or 24(b).



                                              Respectfully submitted,

                                              */s/* Rachel Kleinman
                                              NAACP LEGAL DEFENSE
                                              & EDUCATIONAL FUND, INC.

Cc:    All counsel of record (via ECF)

Liliana Zaragoza
Earl Kirkland
NAACP LEGAL DEFENSE
& EDUCATIONAL FUND, INC.

Sarah Hinger
Jennesa Calvo-Friedman
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Jose Perez
Francisca Fajana
LATINOJUSTICE PRLDEF

Stefanie D. Coyle
Kevin E. Jason
Arthur Eisenberg
Melissa Pettit
NEW YORK CIVIL LIBERTIES UNION
FOUNDATION