

April 4, 2019

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY  10007

Re:     *Christa McAuliffe Intermediate School PTO, Inc. v. Bill De Blasio*, 18 CV11657 (ER)(OTW)

Your Honor:

Plaintiffs oppose the proposed intervenors' motion to intervene. While the proposed intervenors may have a significant interest in the outcome of this case, that alone does not entitle them to party status. And while the Court has wide discretion to grant or deny permissive intervention under Rule 24(b), there is no persuasive reason to permit the proposed intervention here. The contribution to the litigation the proposed intervenors propose would be better presented as an *amicus curiae* brief. For the following reasons, Plaintiffs oppose intervention.

A.      The Court Should Deny Intervention as of Right

"In order to intervene under Rule 24(a)(2) an applicant must (1) file timely, (2) demonstrate an interest in the action, (3) show an impairment of that interest arising from an unfavorable disposition, and (4) have an interest not otherwise adequately protected." *United States v. New York*, 820 F.2d 554, 556 (2d Cir. 1987); *see also Mayhew v. KAS Direct, LLC*, 16 CV 6981 (VB), 2018 WL 3122059, at *3 (S.D.N.Y. June 26, 2018). "Failure to satisfy any one of these requirements is sufficient grounds to deny the application." *New York*, 820 F.2d at 556.

Plaintiffs do not dispute that the proposed intervenors satisfy the second and third requirements: they have an interest in the outcome that would be impaired by a decision in Plaintiffs' favor. It also seems likely that the proposed intervenors' motion is timely as a matter of prevailing law in this district. However, because Defendants adequately represent their interests in this case, the proposed intervenors cannot clear the last hurdle. Therefore, the proposed intervenors are not entitled to intervention as of right.

Courts presume adequacy of representation when the proposed intervenor "has the same ultimate objective as a party to the existing suit." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978); *see also Great Atlantic & Pacific Tea Co. v. Town of East Hampton*, 178 F.R.D. 39, 43 (E.D.N.Y. 1998) The presumption is even stronger when, as here, government action is challenged and the proposed intervenor and the government share a common interest in defending it. *See New York*, 820 F.2d at 558; *United States v. Yonkers Bd. of Educ.*, 902 F.2d 213, 218 (2d Cir. 1990); *see also Stuart v. Huff*, 706 F.3d 345, 351 (4th Cir. 2013) ("[W]hen a statute comes under attack, it is difficult to conceive of an entity better situated to defend it than the government."). Here, the proposed intervenors and Defendants both defend the challenged changes to the Discovery program and have the

same ultimate objective to preserve those changes. Therefore, the Court must presume that Defendants adequately represent the proposed intervenors' interests.

"To overcome the presumption of adequate representation in the face of shared objectives, the would-be intervenor must demonstrate collusion, nonfeasance, adversity of interest, or incompetence on the part of the named party that shares the same interest." *Great Atlantic*, 178 F.R.D. at 42-43 (collecting cases); *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 180 (2d Cir. 2001). The proposed intervenors do not accuse Defendants of collusion, nonfeasance, or incompetence. So the proposed intervenors must show "adversity of interest" between themselves and Defendants.

The proposed intervenors make two primary arguments regarding adversity of interest. Neither withstands scrutiny. First, they note that while Defendants must balance an interest in diversity with various other interests, the proposed intervenors are directly affected by the Discovery program changes and possess a particular motivation to protect them. Dkt. 73 at 3. But as the Second Circuit has explained, "[a] putative intervenor does not have an interest not adequately represented by a party to a lawsuit simply because it has a motive to litigate that is different from the motive of an existing party." *Natural Resources Def. Council, Inc. v. N.Y. State Dep't of Envtl. Conservation*, 834 F.2d 60, 61-62 (2d Cir. 1987). Differing interests or motives for litigation may establish inadequacy of representation only where "the nature of those … interests is related to colorable legal defenses that the public defendants would be less able to assert." *Id.* at 62. Defendants have raised all reasonable arguments to defend the Discovery changes and have already defeated Plaintiffs' motion for a preliminary injunction in this Court. In short, the proposed intervenors are not entitled to intervention simply because they might have a more particularized interest than Defendants.

Second, the proposed intervenors say they may argue that the Hecht-Calandra Act itself violates the Equal Protection Clause—and that Defendants have a duty to remedy this discrimination. Dkt. 73 at 3. The most obvious problem with this point is simple: Hecht-Calandra has governed admissions to the specialized high schools for the last 48 years without constitutional incident. In the absence of any finding of intentional discrimination, there is nothing to remedy. *See Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 720-21 (2007). Further, any evidence of intentional discrimination involved in the passage of Hecht-Calandra would involve actions of state legislators half a century ago. *See Vill. of Arlington Heights v. Housing Dev. Corp*, 429 U.S. 252, 266-67 (1977) (describing how a party must prove that a facially race neutral law was motivated by a discriminatory purpose). If the proposed intervenors believe they have a viable claim, they may bring their own suit against the State. But it would be exceedingly strange to allow intervention so that an intervenor could raise a claim of intentional discrimination by a *non-party*. The State of New York, which adopted Hecht-Calandra, is not a party to this case. Intervention is simply not the proper vehicle to raise such a claim. And in any

The Honorable Edgardo Ramos
April 4, 2019
Page 3

event, "[r]epresentation is not inadequate simply because ... the applicant and the existing party have different views on the facts, the applicable law, or the likelihood of success of a particular litigation strategy." *United States v. City of New York*, 198 F.3d 360, 367 (2d Cir. 1999).

Defendants have competently and vigorously defended their decision to change the eligibility requirements for the Discovery program. The proposed intervenors share this objective. They cannot overcome the presumption that the government entities which promulgated the challenged policy are in the best position to defend it. Their motion to intervene as of right should be denied.

B.   The Court Should Deny Permissive Intervention

Permissive intervention is discretionary, but the Court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "Other relevant factors include: (1) the nature and extent of the movant's interests; (2) whether the existing parties adequately represent those interests; and (3) whether allowing intervention would significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Homeward Residential, Inc. v. Sand Canyon Corp.*, Nos. 12 Civ. 5067 & 12 Civ. 7139 (JFK), 2018 WL 840081, at *3 (S.D.N.Y. Feb. 12, 2018); *see Brennan*, 579 F.2d at 191-92.

Granting the proposed intervenors party status would likely complicate and delay the case, to the detriment of the original parties. At the March 7 status conference, both sides indicated to the Court a desire to resolve the case before the next round of admissions offers go out in March 2020. The proposed intervenors' participation would add to the already significant discovery burden in this case and thus render a timely disposition less likely. And the proposed intervenors' desire to prove that Hecht-Calandra's passage was motivated by discriminatory intent may require the intervention of further parties and still more discovery, not to mention distract from the dispositive legal issues in the case. Since Defendants adequately represent the proposed intervenors' interests, there is no reason to grant the proposed intervenors party status.

C.   Conclusion

Plaintiffs do not doubt that the proposed intervenors' experience and expertise may bring an important perspective to the Court. The proposed intervenors therefore "may seek amicus curiae status to bring [their] views before the Court." *Great Atlantic*, 178 F.R.D. at 43-44; *see also Cook v. Pan Am. World Airways, Inc.*, 636 F. Supp. 693, 698 (S.D.N.Y. 1986) Plaintiffs would not oppose such a request. But Defendants adequately represent the proposed intervenors, and additional parties would unduly delay and complicate this case. The motion to intervene should be denied.

The Honorable Edgardo Ramos
April 4, 2019
Page 4

                                        Sincerely,

                                        */s/ Christopher M. Kieser*

                                        JOSHUA P. THOMPSON*
                                        WENCONG FA*
                                        OLIVER J. DUNFORD*
                                        CHRISTOPHER M. KIESER*
                                        Counsel for Plaintiffs

                                        *Admitted Pro Hac Vice*