## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CHRISTA MCAULIFFE
INTERMEDIATE SCHOOL PTO, INC., et al.,

*Plaintiffs,*

v.

BILL DE BLASIO, in his official capacity
as mayor of New York, et al.,

*Defendants,*

and

TEENS TAKE CHARGE; HISPANIC
FEDERATION; DESIS RISING UP AND
MOVING; COALITION FOR ASIAN AMERICAN
CHILDREN AND FAMILIES; O.R., a minor by and
through his mother and next friend, ELIZABETH
PIERRET; A.S., a minor by and through his father
and next friend, ODUNLAMI SHOWA; C.M., a
minor by and through his mother and next friend,
ROSA VELASQUEZ; K.B., a minor by and through
her mother and next friend, TIFFANY M. BOND;
N.D.F. and N.E.F., minor children by and through
their mother and next friend, LAUREN R.
MAHONEY,

*Proposed Defendant-Intervenors.*

Case No. 1:18-cv-11657

## MOTION TO INTERVENE AS DEFENDANTS

Pursuant to Federal Rule of Civil Procedure 24, Teens Take Charge, an organization run

by and for New York City public school students to address segregation and inequity in all New

York City public schools, Desis Rising Up and Moving ("DRUM"), a membership-led

organization of low-wage South Asian and Indo-Caribbean immigrant workers and youth,

Coalition for Asian American Children and Families ("CACF"), a membership organization

advocating for equity and opportunity for marginalized Asian Pacific American children and

families and supporting other marginalized communities of color, Hispanic Federation, a nonprofit

member organization that works to empower and advance the Hispanic community through public

policy advocacy, leadership development and community revitalization projects, Elizabeth Pierret,

on behalf of O.R., an Afro-Latino student who is in the 11th  grade at Brooklyn Tech, and the

parents of five Black and Latinx 7th and 8th grade students who have applied or plan to apply to

the New York City Specialized High Schools (collectively, the "Proposed Intervenors"), hereby

move to intervene.

Each of the parents of seventh- and eighth-grade students who seek to intervene do so on

behalf of their middle school children who have applied or plan to apply to the Specialized High

Schools ("Proposed Applicant Intervenors") and meet the expanded Discovery program's revised

eligibility criteria. Odunlami Showa seeks to intervene on behalf of A.S., a Black eighth grade

student who took the SHSAT. Rosa Velasquez seeks to intervene on behalf of C.M., a Latino

student in the eighth grade who took the Specialized High School Admissions Test ("SHSAT").

Tiffany Bond seeks to intervene on behalf of K.B., a Black student in seventh grade, who

participates in a SHSAT preparation program and plans to take the SHSAT and to apply to the

Specialized High Schools. Lauren Mahoney seeks to intervene on behalf of N.D.F. and N.E.F.,

Black twin siblings in the eighth grade who took the SHSAT.

As detailed in the accompanying memorandum, Proposed Intervenors satisfy each of the

requirements for intervention as of right under Fed. R. Civ. P. 24(a). Proposed Applicant

Intervenors have a significant, protectable interest in the educational opportunity to attend

Specialized High Schools, which is directly impacted by the challenge in this case to the expanded

Discovery Program. All Proposed Intervenors have an interest in the increased racial diversity of

the student bodies at the Specialized High Schools, and the decreased racial isolation of Black and

2

Latinx students at those schools, which the expanded Discovery Program is likely to address. Additionally, Proposed Intervenors' motion is timely, and will not cause any prejudice to the existing parties.

Importantly, the Defendants do not adequately represent Proposed Intervenors' interests. First, the City has institutional interests that may compete with and outweigh its interest in the diversity of the Specialized High Schools. For example, the City's interest in quickly resolving this lawsuit might outweigh its desire to resolve the lawsuit on terms that prioritize a lasting solution to the diversity crisis at the Specialized High Schools. Based on the failure of previous administrations to implement real solutions to this crisis despite considerable community advocacy on the issue, it is also plausible that the City's position on the importance of diversity in the Specialized High Schools may change, and Defendants should not be presumed to be adequate representatives for Proposed Intervenors for the duration of litigation. Additionally, without Proposed Intervenors, this litigation would include opponents of the expanded Discovery Program, but not the students and families who stand to benefit from the Program. Proposed Intervenors, as students who are either in the schools, applying to schools, or advocating for increased diversity in the Specialized High Schools, are uniquely qualified to give testimony that provides for the full development of the facts regarding the inequities of the Specialized High Schools admissions process.

If the Court declines to grant Proposed Intervenors intervention as of right, Proposed Intervenors alternatively request that they be allowed to intervene permissively under Fed. R. Civ. P. 24(b). Intervention will not unduly delay or prejudice adjudication of the rights of original parties. Moreover, the Proposed Intervenors have a substantial interest in the issues at stake in this case. Proposed intervenors are students in the New York City schools, whose access to educational

opportunities are directly impacted, as well as community groups that include students and families who likewise have a stake in ensuring the availability of equitable educational opportunities for themselves, their peers, and the young people in their communities and across the city. Their participation in this lawsuit is necessary to the full development of the issues in this case and its equitable adjudication. Without participation of Proposed Intervenors, the voices of those who are injured by the single-test admissions scheme and who stand to benefit from the expansion of the Discovery Program would be absent, and the development of the case would be incomplete.

Filed separately in support of this motion are: (1) a Memorandum of Law in support of this Motion; (2) a Declaration from each Proposed Intervenor setting forth facts upon which this Motion is based; and (3) pursuant to Fed. R. Civ. P. 24(c), a Proposed Answer.

**WHEREFORE,** Proposed Intervenors respectfully request that this Court grant this

Motion to Intervene.

Respectfully submitted on May 3, 2019 by,

/s/ Rachel M. Kleinman
Janai S. Nelson
Jin Hee Lee
Rachel M. Kleinman
Liliana Zaragoza
Earl A. Kirkland III*
NAACP LEGAL DEFENSE &
    EDUCATIONAL FUND, INC.
40 Rector Street, 5th floor
New York, NY 10006
Tel.: (212) 965-2200
rkleinman@naacpldf.org
lzaragoza@naacpldf.org
ekirkland@naacpldf.org


/s/ Jose Perez
Jose Perez
Francisca Fajana
LATINOJUSTICE PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
Tel.: (212) 219.3360
jperez@latinojustice.org
ffajana@latinojustice.org

/s/ Sarah Hinger
Sarah Hinger
Jennesa Calvo-Friedman
AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 519-7882
shinger@aclu.org
jcalvo-friedman@aclu.org


/s/ Stefanie D. Coyle
Stefanie D. Coyle
Kevin E. Jason
Arthur Eisenberg
Melissa Pettit**
NEW YORK CIVIL LIBERTIES UNION
    FOUNDATION
125 Broad Street, 19th Floor
New York, NY 10004
Tel.: (212) 607-3300
scoyle@nyclu.org
kjason@nyclu.org
mpettit@nyclu.org


*Motion for Pro Hac Vice Appearance
    forthcoming

**Motion for SDNY Admission forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2019, I caused the foregoing MOTION TO INTERVENE AS DEFENDANTS to be electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all counsel of record registered with the CM/ECF system.

s/ Rachel M. Kleinman

Rachel M. Kleinman

Bar No. RK2141

NAACP LEGAL DEFENSE &
   EDUCATIONAL FUND, INC.

40 Rector Street, 5th floor

New York, NY 10006

Tel: (212) 965-2200

Fax: (212) 226-7592

rkleinman@naacpldf.org
