UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTA McAULIFFE INTERMEDIATE
SCHOOL PTO, Inc., et al.,

                                        Plaintiffs,

        vs.

BILL DE BLASIO, in his official capacity as
Mayor of New York, et ano.,

                                        Defendants.

**STIPULATED PROTECTIVE
ORDER AND CLAWBACK
AGREEMENT**

18 CV 11657 (ER)(OTW)

        Subject to the Court's approval, the parties in the above-captioned litigation (this

"Action") hereby stipulate to the following protective order and the procedures set forth herein

for designating and protecting confidential information and for addressing the production of

privileged and/or personally identifiable information and material, as defined herein. This Order

shall be interpreted to provide the maximum protection allowed by Rule 502(d) of the Federal

Rules of Evidence, Rule 26(c) of the Federal Rules of Civil Procedure and any other applicable

law.

**CONFIDENTIALITY**

        1.        This Stipulation and Order shall apply to and govern all information the

Disclosing Party designates as "CONFIDENTIAL" during discovery in this Action, including

"CONFIDENTIAL" information disclosed in depositions, documents produced in response to

requests for production of documents, answers to interrogatories, responses to requests for

admissions, all other discovery in any form, and all copies thereof and information contained

therein (the "Confidential Material").

2.      When used in this Stipulation and Order, the phrase "Disclosing Party" shall refer to the parties to this Action producing Confidential Material or Protected Material (as defined in paragraph 23 below).

3.      When used in this Stipulation and Order, the phrase "Receiving Party" shall refer to the parties to this Action receiving Confidential Material or Protected Material from a Disclosing Party.

4.      A Disclosing Party may designate as "CONFIDENTIAL" any information it believes in good faith constitutes proprietary, governmental, or personal information that is used by it in, or pertaining to, its business or operations, which information is not generally known, and which that party would normally not reveal to third parties or, if disclosed, would cause such third parties to maintain in confidence.

5.      Confidential Material subject to this Stipulation and Order may be used only for purposes of this Action and shall not be disclosed by the Receiving Party to anyone other than those listed in paragraph 7 herein, except by prior written agreement of the Disclosing Party or by order of the Court. Any person receiving Confidential Material shall use reasonable measures to store and maintain the Confidential Material so as to prevent unauthorized disclosure.

6.      Persons to whom Confidential Material is disclosed per paragraph 7 herein (i) shall not retain past the completion of this Action any documents marked as "CONFIDENTIAL," and (ii) shall be informed, prior to being shown materials marked as "CONFIDENTIAL," that he/she is being shown such materials solely for use in this Action.

7.      In the absence of written permission from the Disclosing Party or an order of the Court, material designated as "CONFIDENTIAL" may be disclosed or made available only to the following persons:

a.  The named parties and the attorneys working on this Action on behalf of any party, including attorneys consulting with or advising any party to this Action, in-house attorneys, paralegals, and staff, stenographic and clerical employees and contractors working under the direct supervision of such counsel. If a named party is a corporation or organization, the directors, officers and senior managers of the corporation or organization;

b.  Any expert or consultant who is expressly retained by any attorney described in Paragraph 7(a) to assist in this Action, and their employees, with disclosure only to the extent reasonably necessary to perform such work;

c.  Any deponent or trial witness, if it appears that the witness authored or received a copy of the Confidential Material, was involved in the subject matter described therein, or is employed by the party who produced the Confidential Material, or if the Disclosing Party consents to such disclosure; and

d.  The Court, jury, court personnel, court reporters, and other persons connected with the Court.

8.    The persons described in Paragraphs 7(a)-(c) shall have access to the Confidential Material only after they have been made aware of the provisions of this Stipulation and Order, including, without limitation, Paragraph 5. Counsel retaining or representing the persons described in Paragraph 7(b) shall require that such persons manifest their assent to be bound by the provisions of this Stipulation and Order by signing the annexed "NONDISCLOSURE AGREEMENT." The persons described in Paragraph 7(c) shall have access to the Confidential

Material only after counsel retaining, representing, interviewing or deposing those persons has provided a copy of this Stipulation and Order to such persons for review and those persons sign a copy of the annexed "NONDISCLOSURE AGREEMENT." Counsel shall retain copies of the signed "NONDISCLOSURE AGREEMENT" until the completion of this Action.

9.     The recipient of any Confidential Material that is provided under this Stipulation and Order shall maintain such material under direct control of counsel for that party, who shall use reasonable efforts to prevent any disclosure thereof except in accordance with the terms of this Stipulation and Order. All copies, reproductions, summarizations, extractions, and abstractions of the Confidential Material shall be subject to the terms of the Stipulation and Order and labeled in the same manner as the designated material on which they are based.

10.     Disclosing Parties shall designate Confidential Material as follows:

    a.     Other than deposition transcripts and exhibits, the Disclosing Party or that party's counsel shall designate Confidential Material by (i) stamping or otherwise clearly marking as "Confidential" the material in a manner that will not interfere with legibility or audibility; (ii) identifying the Confidential Material as "Confidential" in the "Designation" data field for all productions; and (iii) providing any "Confidential" material in a separate "Confidential" production volume, which shall include full families of any Confidential Material.

    b.     Deposition transcripts and exhibits may be designated as "Confidential" either on the record during the deposition or in writing within thirty (30) days of receipt of the transcript by any party, which will be deemed the Disclosing Party. If so designated, the final transcript of the designated

testimony and related "Confidential" exhibits shall be bound in a separate

volume and marked "Confidential Information Governed by Protective

Order" by the reporter.

11.     Any Disclosing Party who has designated a document or information as

"CONFIDENTIAL" may remove such document or information from the scope of that

protection by notifying all other counsel in writing of its desire to do so.

12.     In the event a party disagrees at any stage of these proceedings with any

"CONFIDENTIAL" designation, such party shall provide to the Disclosing Party written notice

of its disagreement with the designation, describing with particularity the Confidential Material

in question and stating the grounds for objection. Counsel for the Disclosing Party shall respond

to the objection in writing within fourteen (14) days, and shall state with particularity the

grounds for asserting that the Confidential Material is properly designated. If no timely written

response to the objection is made, the challenged designation is deemed void. If a timely written

response to the objection is made, counsel for the parties shall first try to resolve the dispute in

good faith by meeting and conferring. If the dispute cannot be resolved, the party challenging the

designation may request appropriate relief from the Court consistent with the Court's Discovery

Rules following the specified fourteen (14) day period.

13.     This Stipulation and Order may be modified by the Court for good cause or to

accommodate requirements of adjudication on the merits by trial or otherwise. Before filing any

material designated as "CONFIDENTIAL" with the Court, the party wishing to file the material

shall advise the Court and adversary counsel in writing so that the Court may determine how to

protect the confidential nature of the material proposed to be filed. The parties shall not submit

sealed or Confidential Material to the Court without prior consultation with chambers, or seal or

label as "CONFIDENTIAL" portions of documents which do not consist of or embody Confidential Material. Any documents designated as "CONFIDENTIAL" by any party which are designated in advance by any other party as proposed trial exhibits, either pursuant to applicable pretrial procedures or otherwise, may be offered into evidence in open court unless the party which has designated them as "CONFIDENTIAL" obtains an appropriate protective order from the Court.

14.     If Confidential Material is disclosed to any person other than in the manner authorized by this Stipulation and Order, the person or party responsible for the unauthorized disclosure must, within five (5) business days of discovering the disclosure, bring all pertinent facts relating to such disclosure to the attention of counsel for the Disclosing Party and, without prejudice to any other rights and remedies of the parties or third parties, make every effort to prevent further disclosure by it or by the person who was the unauthorized recipient of such material.

15.     To the extent consistent with applicable law, the disclosure, whether inadvertent or otherwise, of Confidential Material that should have been designated as such shall not be deemed to waive a party's claim of confidentiality. Disclosures may be rectified by written notification provided within a reasonable time after disclosure to counsel for all parties receiving the Confidential Material. The notification must designate the Confidential Material as "CONFIDENTIAL" in the manner provided by paragraph 10 of this Stipulation and Order. Upon receipt of this notification, all parties shall thereafter treat all copies of Confidential Material as confidential and subject to this Stipulation and Order, including all copies of this material that was previously produced without the "CONFIDENTIAL" designation.

16.    This Stipulation and Order shall remain in full force and effect until modified, superseded, or terminated either by consent of the parties or by order of the Court.

17.    Nothing herein shall impose any additional confidentiality obligation upon: (a) information that was or is in the public domain; (b) information that already was in the possession of the party to which it was produced in the form in which it was produced; (c) information known to the Receiving Party through proper means; or (d) information that becomes available to a party or was obtained from a source other than the party asserting confidentiality and who is or was rightfully in possession of such information on a non-confidential basis.

18.    Nothing in this Stipulation and Order shall be deemed to prejudice any party from discharging its duties under law, or to release and discharge any party from its obligations to comply with requests that are made for documents.

19.    Nothing in this Stipulation and Order shall preclude any party from seeking additional or different relief to protect proprietary, competitive or sensitive business or personal information.

20.    This Stipulation and Order shall survive the termination of this Action, including any and all appeals, and remain in full force and effect unless modified by an Order of this Court. Within sixty (60) days of the termination of this Action, including final appellate action or the expiration of time to appeal or seek further review, all Confidential Material and all copies thereof, shall be returned to the Disclosing Party or destroyed. At the conclusion of this 60-day period, counsel for each party shall provide to the other parties a certification stating that, to counsel's knowledge and belief, the party has either returned or made commercially reasonable efforts to destroy all Confidential Material in accordance with this Order. Notwithstanding the

foregoing, as to those materials containing Confidential Material that (a) constitute attorney work product, (b) were filed with the Court and/or marked as trial exhibits, or (c) constitute deposition transcripts and exhibits, counsel may retain such materials if such counsel otherwise comply with the provisions of this Order with respect to such retained material.

21.    This Stipulation and Order shall not be construed to waive or diminish any right to assert a claim of privilege, relevance, over-breadth, proportionality or other grounds for not producing material requested during discovery, and access to all material (whether designated as "CONFIDENTIAL" or not) shall be granted only as provided by the discovery rules and other applicable law.

22.    This Stipulation and Order is without prejudice to the right of any party or third party to seek relief from the Court from any of the provisions contained herein.

**PRODUCTION OF PROTECTED MATERIAL**

23.    Any party's production or disclosure in this proceeding of information or material that contains personally identifiable information and/or is protected by any privilege or protection recognized by law (collectively, "Protected Material"), whether inadvertent or otherwise, shall not constitute or be deemed a waiver of any claim of privilege or protection applicable to that material or its subject matter in this Action or any other federal or state proceeding, and shall be governed by the procedures set forth herein.

***Clawback Demand by Disclosing Party***

24.    Any Party that produces Protected Material (a "Disclosing Party"), or any other party purporting to hold a privilege, may notify in writing the Party receiving Protected Material (the "Receiving Party") that it has disclosed Protected Material without intending a waiver by the disclosure and demand that it be returned or destroyed (the "Clawback Demand"). Such demand

shall be made within seven (7) business days after the Disclosing Party discovers that the

Protected Material was produced or disclosed and shall identify the Protected Material to be

returned or destroyed (including the Bates number of the document, or if no Bates number

appears on the document, sufficient information to identify the document or information) in a

privilege log that describes the basis for the claim of privilege and/or protection.

***Receiving Party to Immediately Cease Inspection, Use and/or Disclosure of Protected Material***

25.     Upon identifying a document or information produced by the Disclosing Party

that appears to be Protected Material, the Receiving Party shall immediately notify the

Disclosing Party in writing of its receipt of the potentially Protected Material, including the

Bates number of the document, or if no Bates number appears on the document, sufficient

information to identify the document so that the Disclosing Party may make a Clawback

Demand, which must be made within seven (7) business days after receiving notice from the

Receiving Party. If the Disclosing Party fails to make a Clawback Demand within five (5)

business days after receiving a notice, as contemplated in paragraphs 25 and 27 herein, the

material identified in the Receiving Party's notice shall no longer be deemed Protected Material,

and the Disclosing Party will have waived its right to claim that the material identified in the

Receiving Party's notice is Protected Material.

26.     If the Receiving Party identifies a document or information produced by the

Disclosing Party that appears to be Protected Material, or upon receiving a Clawback Demand,

regardless of whether the Receiving Party agrees with the claim of personally identifiable

information and/or privilege, the Receiving Party shall immediately cease any inspection, use or

disclosure of the Protected Material, and of any work product, analyses, memoranda or notes.

which were generated by the Receiving Party (and/or Receiving Party's consultants, experts and/or agents) based upon such Protected Material.

27.     In the absence of an Order permitting otherwise, after the Receiving Party has notified the Disclosing Party that it appears to have produced Protected Material, or after it receives a Clawback Demand, the Receiving Party will not introduce into evidence, disclose to any person or entity, or use for any purpose in this or any other action the Protected Material.

***Receiving Party to Destroy or Return Protected Material & Related Material***

28.     The Receiving Party, within five (5) business days of receiving a Clawback Demand, regardless of whether the Receiving Party agrees with the claim of personally identifiable information and/or privilege shall: (a) destroy the Protected Material or return it to the Disclosing Party, including any paper or electronic copies, (b) notify any third-party to whom the Receiving Party sent or disclosed such identified Protected Material to return it to the Disclosing Party or destroy it; and (c) destroy any work product, analysis, memoranda or notes reflecting the content of such produced Protected Material and/or which were generated by the Receiving Party (and/or Receiving Party's consultants, experts and/or agents) based upon such Protected Material. If any new work product, analyses, memoranda, or notes is discovered thereafter, it shall immediately be destroyed. The Receiving Party shall provide written assurance to the Disclosing Party of these actions within five (5) days of receiving a Clawback Demand. If the document or information subject to the Clawback Demand contains Protected Material only in part, then the Disclosing Party shall, in a timely manner, produce redacted versions of the documents subject to the Clawback Demand.

*Seeking an Order to Produce Protected Material*

29.     Notwithstanding the directives of paragraphs 25–28, if a Receiving Party disagrees with a Disclosing Party's claim that certain documents or information constitute Protected Material, then, within twenty (20) business days of receiving the Clawback Demand (and upon the fulfillment of any obligation to meet and confer as may be required rule or applicable law), the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand. The motion shall not assert as a ground for entering such an order the fact or circumstances of the production. The party's motion for an order compelling production shall not disclose or otherwise refer to the content of the Clawback Material beyond the information set forth in a privilege log and shall not disclose that the material was subject to a Clawback Demand. The Receiving Party shall not assert that its return of the Protected Material has caused it to suffer prejudice, except that a Receiving Party may independently argue, consistent with Fed. R. Civ. P. 26(b)(3)(A), that "it has substantial need" for work-product "materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." The Receiving Party is not subject to the directives set forth in paragraphs 25–28 until the Court resolves the Receiving Party's motion, at which time the Court's decision shall govern the treatment of the disputed documents and/or information. The Receiving Party is enjoined from using the disputed Protected Material in any manner (aside from the motion as limited in this paragraph) until the motion is resolved.

*Rights, Limitations and Objections Related to this Stipulation and Order*

30.     A Party's compliance with the terms of this Stipulation shall not operate as an admission by that Party that any particular document or information is or is not (a) privileged, (b) reflective of personally identifiable information, or (c) admissible in this action.

31.     Nothing in this Stipulation and Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced. Nothing contained herein will prevent, limit or restrict the parties hereto in any way from objecting to or asserting an immunity or privilege in any prior or subsequent litigation with respect to any material produced in this litigation. Nor is anything herein intended to limit a Party's right, if any, to properly redact information that is privileged or otherwise protected prior to disclosure.

32.     Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents and related information (including metadata) for responsiveness, privilege, personally identifiable information and/or protected information before disclosure.

33.     Nothing contained herein is intended to or shall prevent, limit or restrict the Parties hereto in any way from objecting to or asserting an immunity, protection or privilege in any prior or subsequent litigation with respect to any Protected Material in this litigation.

34.     This Stipulation may be changed only by further agreement of the Parties in writing or by Order of the Court and is without prejudice to the right of any Party to seek modification of this Stipulation and Order by application to the Court on notice to the other party. Nothing in this Stipulation and Order shall preclude any Party from seeking judicial relief, in good faith and upon notice to the other Party, with regard to any provision hereof.

**ADDITIONAL PARTIES**

35.     Parties added to this Action shall be subject to this Order

\* \* \*

**STIPULATED TO:**

**PACIFIC LEGAL FOUNDATION**

By: _Joshua P. Thompson_

Joshua P. Thompson (*pro hac vice*)
Pacific Legal Foundation
930 G Street
Sacramento, CA 95814
(916) 419-7111

*Attorneys for Plaintiffs*

Dated: Sacramento, CA
        May 16, 2019

**OFFICE OF THE
CORPORATION COUNSEL**

By: _Thomas B. Roberts_

Marilyn Richter,
Thomas B. Roberts
Assistants Corporation Counsel
100 Church Street,
New York, New York 10007
(212) 356 0872

*Attorneys for Defendants*

Dated: New York, New York
        May 16, 2019

**SO ORDERED:**

_____

Hon. EDGARDO RAMOS

Dated: _____, 2019
        New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTA McAULIFFE INTERMEDIATE
SCHOOL PTO, Inc. et al,

                              Plaintiffs,

          vs.

BILL DE BLASIO, in his official capacity as
Mayor of New York, et ano.,

                              Defendants.

**AGREEMENT WITH RESPECT TO
STIPULATED PROTECTIVE
ORDER & CLAWBACK
AGREEMENT**

18 CV 11657 (ER)(OTW)

---

I, _____, state that:

1.      My address is_____.

2.      My present occupation or job description is _____.

3.      I have received a copy of the STIPULATED PROTECTIVE ORDER AND

CLAWBACK AGREEMENT (the "Stipulation") entered in the above-entitled action on

_____.

4.      I have carefully read and understand the provisions of the Stipulation.

5.      I will comply with all of the provisions of the Stipulation.

6.      I will hold in confidence, will not disclose to anyone not qualified under the

Stipulation, and will use only for purposes of this action, any Confidential Information that is

disclosed to me.

7.      I will return all Confidential Information that comes into my possession, and

documents or things that I have prepared relating thereto, to counsel for the party by whom I am

employed or retained, or to counsel from whom I received the Confidential Information, not later

than when requested by said counsel or upon the completion of the above captioned Action, whichever occurs first.

       8.     I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.


_____
(Signature)


_____
(Printed Name)


_____
(Title or Position)


_____
(Company)


Dated: _____