18 CV 11657 (ER) (OTW)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTA McAULIFFE INTERMEDIATE SCHOOL
PTO, Inc., et al,

Plaintiffs,

-against-

BILL de BLASIO, in his official capacity as Mayor of
New York, et ano.,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO THE PROPOSED INTERVENORS' MOTION TO INTERVENE AS DEFENDANTS**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Marilyn Richter*
*Thomas B. Roberts*
*Tel: (212) 356-0872*
*Matter No.: 2018-094646*

## PRELIMINARY STATEMENT

Defendants welcome the involvement of the Proposed Defendant-Intervenors due to the expertise of their counsel and because the testimony of some of the Proposed Intervenors may be relevant and offer a helpful perspective. The Proposed Intervenors' counsel would be particularly welcome as amicus. Defendants, however, support the Proposed Intervenors' motion to intervene provided their intervention does not delay the resolution or materially change the scope or course of the litigation. Strict limits must be placed upon any intervention.

Specifically, Defendants support permissive intervention provided that the Proposed Intervenors do not (i) materially expand discovery; (ii) join new parties; (iii) bring a cross-claim against Defendants; (iv) seek relief other than dismissal of the action; or (v) advance any argument or propound any discovery relating to or arising from a contention that DOE has previously discriminated against any class of students. If the Proposed Intervenors were to pursue claims that are collateral to the issues currently before the Court, the result would be protracted and more complicated litigation and the likely intervention of additional parties. Accordingly, the Proposed Intervenors should be permitted to intervene conditioned upon their not attempting to expand the lawsuit. This will prevent delay and prejudice to the parties.

## STATEMENT OF FACTS

Various individuals and organization represented by the NAACPLDEF and other organizations have moved to intervene as defendants in this Equal Protection challenge to changes in the Department of Education's ("DOE") Discovery Program. When the Proposed Intervenors wrote the Court asking permission to file a motion to intervene (Dkt. no. 73), Plaintiffs filed a letter in opposition (Dkt. no. 85), and Defendants filed a letter stating that we did not oppose intervention provided the Proposed Intervenors did not materially complicate, delay or extend the litigation. (Dkt. no. 86). Both in our letter and again at the April 19, 2019 conference before the Court, Defendants expressly sought assurances from the Proposed Intervenors that they would not materially complicate, delay or extend the litigation.

In their motion papers (Proposed Intervenors' Memorandum of Law, Dkt. no. 87 at pp. 21-29), the Proposed Intervenors have declined to offer such assurances and instead have effectively indicated that they do not accept the current scope of the case and will not limit the role they intend to play in this litigation. Instead Proposed Intervenors assert that they are entitled to intervene since the Defendants may not adequately protect the Proposed Intervenors' interests because, *inter alia*, another administration, or even this one, could modify the current Discovery Program, by reducing its scope or changing the disadvantaged criteria, either in a settlement agreement or after the litigation is concluded in Defendants' favor. (Dkt. no. 87 pp. 21-24).

This argument suggests that the Proposed Intervenors might seek a permanent injunction requiring DOE to maintain the expansion of the Discovery Program. Such a permanent injunction could not be granted in the case as it is now framed. Moreover, were the Proposed Intervenors to seek such an injunction, they would need to assert a cross-claim for mandatory relief; any such cross-claim would presumably be based on allegations other than those

underlying plaintiffs' claims. The assertion of such cross-claim would accordingly both complicate and protract the litigation. In the current case, either an injunction will issue in accordance with Plaintiffs' request, requiring DOE to reinstate the Discovery Program that was in effect for the September 2018 entering class, or the case will be dismissed and DOE will be free to exercise the discretion it is accorded pursuant to state law in the operation of the Discovery Program.

The Proposed Intervenors also assert that Defendants are not adequately representing their interests in the litigation because DOE has not removed the five newer Specialized High Schools from the testing system established by the Hecht-Calandra Act. (Dkt. no. 87 p. 24). This is clearly a collateral issue that has not previously been mentioned in the litigation. If this issue were inserted in this case it is likely that additional parties who favor retaining the Specialized High School designation for these five schools would seek to intervene.

In addition, Proposed Intervenors assert that they may raise in this case the allegedly discriminatory history of the enactment of the Hecht-Calandra Act. (Dkt. no. 87 p. 25). This issue is also collateral to this case and raises the possibility that the Proposed Intervenors may request that the Court find the state law unconstitutional. If that were to occur, then it can be safely predicted that many additional parties are likely to seek to intervene. Further, New York State would then then have the right to intervene and defend the statute. 28 U.S.C. § 2403(b).

Finally, the Proposed Intervenors emphasize that it is not a priority for them that the litigation proceed expeditiously so as to permit the timely provision of high school admission offers in the spring of 2020. (Dkt. no. 87 p. 23). This suggests that Proposed Intervenors may not cooperate in scheduling litigation matters so that high school offers to approximately 75,000-80,000 students are not delayed in 2020.

In sum, if the motion to intervene is granted without express conditions being placed upon the Proposed Intervenors' future role in the litigation, this case may become unduly protracted and far more complicated, which will be prejudicial to the parties, as well as to the tens of thousands of eighth grade students who will be waiting to learn where they can attend high school.

## ARGUMENT

### POINT I

### THE PROPOSED INTERVENORS ARE NOT ENTITLED TO INTERVENE AS OF RIGHT

The Proposed Intervenors are not entitled to intervention as of right under F.R.C.P. 24(a), which provides in pertinent part:

> On timely motion, the court must permit anyone to intervene who ... (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In the Second Circuit, it is well established that to intervene as of right, a proposed intervenor must (1) file a timely motion; (2) assert an interest relating to the property or transaction that is the subject of the action; (3) demonstrate that without intervention, disposition of the action may, as a practical matter, impair or impede the proposed intervenor's ability to protect its interest; and (4) show that its interest is not adequately protected by the parties. Floyd v. City of New York, 770 F.3d 1051, 1057 (2d Cir. 2014); and MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 389 (2d Cir. 2006). "Failure to satisfy *any one* of these four requirements is a sufficient ground to deny the application.'" Floyd, supra, 770 F.3d at 1057. (emphasis in original).

Here, while some of the interests advocated by the Proposed Intervenors are implicated in this action, other interests asserted by the Proposed Intervenors are not within the subject matter of this action; therefore the second requirement of the above test is not satisfied. The "intervenor must have a 'direct, substantial, and legally protectable' interest in the subject matter of the action.") United States v. City of New York, 198 F.3d 360, 365 (2d Cir. 1999). "In particular, intervention . . . 'cannot be used as a means to inject collateral issues into an existing action.'" Id. (citations omitted). Whether five Specialized High Schools should be removed from the testing system established by the Hecht-Calandra Act is not a matter at issue in this case. Indeed, the status of these five high schools is irrelevant to whether the new Discovery criteria comply with Equal Protection. Similarly, whether the Hecht-Calandra Act, which was adopted almost 50 years ago, was enacted for discriminatory reasons has not been raised by the parties and is not necessary to the decision in this case. Indeed, the Court has ruled that proposed revisions to the Hecht-Calandra Act are not part of this case. McAuliffe I.S. P.T.O. v. de Blasio, Amended Slip Opinion at p. 14 (Dkt. no. 69). The issue in this litigation is whether DOE's decision to expand the size of and adopt the current criteria for the Discovery Program violates Equal Protection. Accordingly, the Proposed Intervenors should not be permitted to inject these collateral issues into this action.

Further, the Proposed Intervenors' ability to protect their interests will not be impaired if they are not permitted to intervene. If Proposed Intervenors believe DOE has injured them, they may bring a separate suit against DOE. This action will have no *res judicata* effect upon them, unless they become parties. They therefore fail the third element of the four part test. United States v. City of New York, supra 198 F.3d at 366.

Proposed Intervenors also fail the fourth element of the test. Defendants can and will adequately defend the legality of the challenged changes to the Discovery Program. The resources of the Corporation Counsel are fully adequate to counter the arguments and factual contentions of Plaintiffs concerning the limited issue raised in the complaint. It is settled in this Circuit that "[r]epresentation is not inadequate simply because 'the applicant would insist on more elaborate . . . pre-settlement procedures or press for more drastic relief,' or where the applicant and the existing party have different views on the facts, the applicable law, or the likelihood of success of a particular litigation strategy." Id. at 367 (citations omitted). DOE shares the Proposed Intervenors' interest in protecting the Discovery Program, and our representation is not inadequate simply because we may have different ideas about how best to defeat the Plaintiffs' contentions.

Further, the assertion that Defendants will not adequately represent the Proposed Intervenors' interests based on the purely hypothetical possibility that Defendants could settle the lawsuit in the future is also not a basis to permit intervention. New York SMSA Ltd. P'ship v. Town of Phillipstown, 2018 U.S. Dist. Lexis 212859 at * 4-5; 2018 WL 6619737 (Dec. 17, 2018 S.D.N.Y.) This is particularly true where, as here, there are governmental Defendants. Intervention should not be permitted for the purpose of "encroach[ing] upon a duly-elected government's discretion to settle a dispute against it. To countenance this…would amount to condoning a collateral attack on the democratic process; would prejudice the City; would not serve the interests served by Rule 24; and would erode the legitimacy of decisions made by the democratically-elected representatives of the people." Floyd., supra 770 F3d at 1060.

In sum, Proposed Intervenors are not entitled to intervene as of right.

### POINT II

### PERMISSIVE INTERVENTION SHOULD BE GRANTED ON CONDITION THAT THE PROPOSED INTERVENORS WILL NOT UNDULY DELAY OR COMPLICATE THE LITIGATION AND THEREBY PREJUDICE THE RIGHTS OF THE ORIGINAL PARTIES

Defendants do not object to the Proposed Intervenors being granted leave to intervene under F.R.C.P. Rule 24 (b) provided they are prohibited from materially expanding or extending the scope of the present case or protracting its duration. The District Court clearly has the discretion to deny intervention if it would protract and complicate a lawsuit in a manner that is prejudicial to the original parties. United States v. City of New York, supra,198 F.3d at 367; United States v. New York City Housing Authority, 326 FRD 411, 418 (S.D.N.Y. 2018); and Floyd, supra, 770 F.3d at 1059-60.

It is well-settled that the Court may condition the scope of intervention. Chevron Corp. v. Donziger, 2011 U.S. Dist. LEXIS 57573, 2011 WL 2150450, at *5 (S.D.N.Y. May 31, 2011) (citing Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 378, 107 S. Ct. 1177 (1987)) (noting that courts have discretion "to limit the scope of any intervention"). United States v New York City Housing Authority, supra 326 FRD at 418. It is Defendants' position that the Court should condition the requested permissive intervention to prevent such delay and prejudice to the parties by limiting the intervention to the defense of DOE's Discovery Program and, among other things, expressly preclude Proposed Intervenors from asserting additional claims or propounding any discovery relating to or arising from newly asserted issues, such as a contention that DOE has previously discriminated against any class of students.

F.R.C.P. 24 (b) provides in pertinent part that:

> (1) … the Court may permit anyone to intervene who: … (B) has a claim or defense that shares with the main action a common

>question of law or fact. … (3) **Delay or Prejudice**. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Here, Proposed Intervenors' motion papers strongly suggest that if they are granted an unfettered right to intervene, they will redirect and complicate the litigation and cause material delay and prejudice to the parties. Proposed Intervenors' papers suggest, for example, that they may file a cross-claim against DOE, raise constitutional challenges to the Hecht-Calandra Act, seek to have five Specialized High Schools removed from the coverage of the Act, and seek discovery concerning "potential evidence of past discrimination, including the origins of the single-test admissions policy." (Pls. Mem. 25, May 3, 2019). The insertion of any of these issues would create a completely different lawsuit. The Court should limit any intervention so as to prevent such delay and prejudice. See United States v. New York City Housing Authority, supra, 326 FRD at 418 (granting permissive intervention for a limited purpose so as to avoid delay and prejudice). [1]

## CONCLUSION

For the foregoing reasons, if the Court grants the motion to intervene, it should do so only on the condition that Proposed Intervenors are not permitted to (i) materially expand discovery; (ii) join new parties; (iii) bring a cross-claim against Defendants; (iv) seek relief other than dismissal of the action, or (v) advance any argument or propound any discovery relating to or arising from a contention that DOE has previously discriminated against any class of students.

---

[1] The Court is entitled to place conditions upon intervention granted pursuant to F.R.C.P. 24(a). Accordingly, even if the Court were to grant intervention as of right, the Court should impose the same conditions. Shore v. Parklane Hosiery Co., 606 F.2d 354, 356-57 (2d Cir. 1979); and United States ex rel Drennen v. Fresenius Med. Care Holdings, Inc., 2018 US Dist Lexis 53978 at *6, 2018 WL 1557253 (March 30, 2018, D. Mass.) (collecting cases).

The Court should also grant such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
May 17, 2019

                        ZACHARY W. CARTER
                        Corporation Counsel of the
                         City of New York
                        Attorney for Defendants
                        100 Church Street, Room 2-110
                        New York, New York 10007
                        (212) 356-0872

By: _____

                        THOMAS B. ROBERTS
                        MARILYN RICHTER
                        Assistants Corporation Counsel