UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTA MCAULIFFE<br>INTERMEDIATE SCHOOL PTO, INC., et al.,<br><br>        *Plaintiffs,*<br><br>v.<br><br>BILL DE BLASIO, in his official capacity<br>as mayor of New York, et al.,<br><br>        *Defendants,*<br><br>and<br><br>TEENS TAKE CHARGE; HISPANIC FEDERATION;<br>DESIS RISING UP AND MOVING; COALITION<br>FOR ASIAN AMERICAN CHILDREN AND<br>FAMILIES; O.R., a minor by and through his mother<br>and next friend, ELIZABETH PIERRET; A.S., a minor<br>by and through his father and next friend, ODUNLAMI<br>SHOWA; C.M., a minor by and through his mother and<br>next friend, ROSA VELASQUEZ; K.B., a minor by<br>and through her mother and next friend, TIFFANY M.<br>BOND; N.D.F. and N.E.F., minor children by and<br>through their mother and next friend, LAUREN R.<br>MAHONEY,<br><br>    *Proposed Defendant-Intervenors.* | Case No. 1:18-cv-11657 |

**REPLY IN SUPPORT OF
MOTION TO INTERVENE AS DEFENDANTS**

# **TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ..................................................................................................................1

INTERVENTION AS OF RIGHT........................................................................................2

I.     Proposed Intervenors Have Demonstrated that Their Interests May Not Be Adequately Represented. ...........................................................................................2

     A.     The Standard for Showing Inadequate Representation............................................3

     B.     Proposed Intervenors Have Readily Shown Sufficient "Adversity of Interest."......5

PERMISSIVE INTERVENTION..........................................................................................8

II.     In the Alternative, Proposed Intervenors Easily Meet the Requirements for Permissive Intervention. ............................................................................................8

CONCLUSION.....................................................................................................................10

# **TABLE OF AUTHORITIES**

**PAGE(S)**

## **CASES**

*Brennan v. N.Y.C. Bd. of Educ.*,
  260 F.3d 123 (2d Cir. 2001) ................................................................................................. 2

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
  250 F.3d 171 (2d Cir. 2001) ................................................................................... 3, 4, 5, 8

*Cotter v. Mass. Ass'n of Minority Law Enf't Officers*,
  219 F.3d 31 (1st Cir. 2000) .................................................................................................. 8

*Daggett v. Comm'n on Gov'tl Ethics & Election Practices*,
  172 F.3d 104 (1st Cir. 1999) ................................................................................................ 4

*Dorsett v. County of Nassau*,
  283 F.R.D. 85 (E.D.N.Y. 2012) ......................................................................................... 10

*Envtl. Def. Fund, Inc. v. Higginson*,
  631 F.2d 738 (D.C. Cir. 1979) ............................................................................................ 4

*Friends of E. Hampton Airport, Inc. v. FAA*,
  No. 15 Civ. 0441(JS)(ARL), 2016 WL 792411 (E.D.N.Y. Feb. 29, 2016) ......................... 6

*Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*,
  551 U.S. 701 (2007) ............................................................................................................ 7

*Stuart v. Huff*,
  706 F.3d 345 (4th Cir. 2013) .............................................................................................. 5

*Trbovich v. United Mine Workers of Am.*,
  404 U.S. 528 (1972) ............................................................................................................ 4

*U.S. Postal Serv. v. Brennan*,
  579 F.2d 188 (1978) .......................................................................................................... 10

*United States v. Yonkers Board of Education*,
  902 F.2d 213 (2d Cir. 1990) ........................................................................................... 4, 5

*Utah Ass'n of Ctys. v. Clinton*,
  255 F.3d 1246 (10th Cir. 2001) .......................................................................................... 6

*W. Energy All. v. Zinke*,
  877 F.3d 1157 (10th Cir. 2017) .......................................................................................... 6

**PAGE(S)**

**CASES**

*Wade v. Goldschmidt*,
   673 F.2d 182 (7th Cir. 1982) ..................................................................................................5

**RULES**

Federal Rule of Civil Procedure 24(a) .............................................................................1, 2, 3, 10

Federal Rule of Civil Procedure 24(b) .....................................................................................2, 9

## INTRODUCTION

Proposed Defendant-Intervenors ("Proposed Intervenors") submit this Reply in further support of their Motion to Intervene ("Motion"). Proposed Intervenors are Black and Latinx parents and students who either attend a Specialized High School or hope to do so, as well as community and membership-based organizations, representing multi-ethnic students and families, who advocate for fairness, inclusion, and equal access to a quality education in New York City. Each of the Proposed Intervenors has a demonstrable stake in the outcome of this litigation, in which Plaintiffs seek to curb even the slightest, race-neutral attempt by the City of New York to address the stark and enduring racial, geographic, and other disparities in its eight most prestigious and competitive high schools.

Intervention as of right under Federal Rule of Civil Procedure 24(a) is appropriate here, and neither party persuasively refutes Proposed Intervenors' right to intervention. Plaintiffs concede that Proposed Intervenors have significant protectable interests in the litigation which would be impaired by the disposition of this action absent Proposed Intervenors' participation. And, contrary to Plaintiffs' only argument under Rule 24(a), Proposed Intervenors have met their burden to show that their interests are not already adequately represented in this litigation.

As set forth in the opening brief, while Proposed Intervenors share certain interests with Defendants in preserving changes to the Discovery Program and increasing diversity in the Specialized High Schools, Defendants have competing interests that may outweigh those shared interests, and which could quite plausibly lead Defendants to litigate or resolve this case on terms that will not protect Proposed Intervenors' interests or will not endure beyond this administration. Moreover, Proposed Intervenors may make legal and factual arguments in defense of Defendants' changes to the Discovery Program which Defendants lack incentive to raise on their own—a

disincentive evidenced by Defendants' request, in response to the instant Motion, to cabin certain discovery in this case.

Should the Court decline to grant intervention of right, Proposed Intervenors have readily met the requirements for permissive intervention under Rule 24(b). Defendants concede that permissive intervention should be granted, even if they ask that such intervention be granted with limitations. Plaintiffs' argument that Proposed Intervenors' intervention in this lawsuit would unnecessarily complicate or delay this litigation is unavailing, as is Defendants' concern that Proposed Intervenors plan to add additional defendants or cross-claims outside the scope of the current litigation. Proposed Intervenors also maintain that there is no reason to limit the scope of permissive intervention. Indeed, some of the conditions proposed by Defendants are moot, while others would needlessly constrain Proposed Intervenors' important added perspective. Accordingly, Proposed Intervenors respectfully request that the Court grant their motion for intervention of right or, in the alternative, for permissive intervention.

## INTERVENTION AS OF RIGHT

**I.   Proposed Intervenors Have Demonstrated that Their Interests May Not Be Adequately Represented.**

Pursuant to Rule 24(a)(2), a Court "must permit" a party to intervene as of right if the movant has "(1) timely file[d] an application, (2) show[ed] an interest in the action, (3) demonstrate[d] that the interest may be impaired by the disposition of the action, and (4) showed that the interest is not protected adequately by the parties to the action." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 128–29 (2d Cir. 2001) (quotation marks and internal citation omitted); *see also* Mem. in Support of Mot. to Intervene 21–26, ECF No. 87-1. The primary dispute among the parties is whether Proposed Intervenors have shown that their interest in this action is

inadequately protected by Defendants. For the reasons set forth in their opening brief and below, Proposed Intervenors have made such a showing.

### A.     The Standard for Showing Inadequate Representation

Both Plaintiffs and Defendants erroneously argue that Proposed Intervenors' interests are adequately represented by Defendants.[1] Plaintiffs overstate Proposed Intervenors' burden by contending that Defendants necessarily provide adequate representation because (1) Proposed Intervenors and Defendants share the ultimate objective of defending the Discovery Program, and (2) Defendants are government entities. Pls.' Mem. in Opp. to Mot. to Intervene 5–13, ECF No. 93. This would place an almost insurmountable burden on Proposed Intervenors to demonstrate inadequate representation, contrary to the controlling law of this Circuit.

Plaintiffs' position that Proposed Intervenors face a "significant burden" to overcome the presumption that Proposed Intervenors are adequately represented by the City, or government defendants, ECF No. 93 at 1, is a mischaracterization of Second Circuit precedent, which has not set "down a hard-and-fast rule of what form of showing" is required to rebut the presumption, *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 180 (2d Cir. 2001). Instead, any of a number of factors, including, but not limited to, "evidence of collusion, adversity of interest,

---

[1] Defendants also argue, without challenging any of the legally protectable interests set forth in Proposed Intervenors' opening brief, that Proposed Intervenors do not have a legally protectable interest in the subject matter of this action because they also have interests that are not related to this lawsuit. This is not the standard under Rule 24(a). Moreover, in making this argument, Defendants misconstrue Proposed Intervenors' points about the City's decision not to avail itself of available options to diversify the Specialized High Schools, as well as the intentional discrimination undergirding the current admissions system to these schools. Neither was raised as an example of Proposed Intervenors' legally protectable interest. The former is an example of how Defendants' commitment to diversity in the schools might differ in priority to that of Proposed Intervenors, and the latter is a legal theory that Proposed Intervenors may raise in due course as a defense to already-existing claims in this case.  Moreover, Defendants' arguments that Proposed Intervenors' interests would not be impaired because this action will not have a *res judicata* effect on them as non-parties is without merit.

nonfeasance, or incompetence[,] may suffice to overcome the presumption of adequacy." *Id.*; *see also id.* (noting that the above factors are "perhaps not an exhaustive list"). *Butler* suggests that an intervenor must merely make a greater showing than the "minimal" showing typically required of putative intervenors. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972); *accord Envtl. Def. Fund, Inc. v. Higginson*, 631 F.2d 738, 740 (D.C. Cir. 1979) ("[T]o intervene in a suit in district court in which a state is already a party . . . [, a] *minimal* showing that the representation may be inadequate is not sufficient.") (emphasis added). Contrary to Plaintiffs' contentions, there is much daylight between a greater than "minimal" burden and a "significant" one.

With respect to the presumption of adequate representation in cases involving a government defendant acting in its sovereign capacity, "the Second Circuit has not explained the precise effect of the . . . presumption," as Plaintiffs recognize. ECF No. 93 at 6. And there is no support for Plaintiffs' suggestion that the showing required to overcome this presumption is different from—much less greater than—the showing required in cases involving a common objective. *See Butler*, 250 F.3d at 180. To the contrary, the weight of authority indicates that these two presumptions of adequate representation operate similarly, if not identically. Indeed, the First Circuit refers to them as "two converging presumptions[.]" *Daggett v. Comm'n on Gov'tl Ethics & Election Practices*, 172 F.3d 104, 111 (1st Cir. 1999) (internal citations and quotation marks omitted).

The cases to which Plaintiffs cite are inapposite or do not require a contrary conclusion. In *United States v. Yonkers Board of Education*, 902 F.2d 213, 218 (2d Cir. 1990), the district court denied intervention to members of the "Parks, Recreation and Conservation Board of the City of Yonkers," who sought to intervene in their individual and official capacities in a suit defended by

the City of Yonkers. *Id.* at 215. The Second Circuit found the Board members' assertion of individual interests "disingenuous[]" and held that the City of Yonkers already represented the interests of proposed intervenors in their official capacities. *Id.* at 217. Unlike *Yonkers*, this case involves private parties seeking to intervene to assert their individual, private interests. Moreover, the Court in *Wade v. Goldschmidt*, held "that the proposed intervenors' interests d[id] not relate 'to the property or transaction which is the subject of the action' and they have therefore failed to assert an interest in the lawsuit[.]" 673 F.2d 182, 185 (7th Cir. 1982). Under these circumstances, which do not exist in the instant case, the Court determined that intervenors, having no interest at stake, would "have no right to assert that their interests are inadequately represented by the defendants." *Id.* at 186. Only the Fourth Circuit supports Plaintiffs' position that a "very strong showing" is required to rebut the presumption of adequate representation by a government party acting in its sovereign capacity. *Stuart v. Huff*, 706 F.3d 345, 351 (4th Cir. 2013). But that is not the standard adopted by the Second Circuit, as evidenced by *Yonkers* and *Butler*.

Thus, contrary to Plaintiffs' contentions, Proposed Intervenors need only satisfy one of the non-exhaustive factors set forth in *Butler*, and as explained in Proposed Intervenors' initial submission and further below, that burden has been met.

      **B.**      **Proposed Intervenors Have Readily Shown Sufficient "Adversity of Interest."**

Proposed Intervenors here have met the appropriate standard to rebut the presumption of adequate representation as required by *Butler*. Plaintiffs inaccurately dismiss Proposed Intervenors' arguments as mere speculation or differences in litigation strategy, where Proposed Intervenors have asserted numerous bases upon which to find that "adversity of interest" exists between them and Defendants, and that Proposed Intervenors' interests will otherwise not be adequately defended. *See Butler*, 250 F.3d at 180; ECF No. 87-1 at 21–26.

First, Proposed Intervenors have demonstrated that their interests and those of Defendants are not identically aligned. For example, the City may prioritize the speedy resolution of this case or other competing interests over any interests shared with Proposed Intervenors—a difference that has already led the City to litigate this case in a manner inconsistent with Proposed Intervenors' legal interest, *see* ECF No. 87-1 at 23, and which might lead the City to settle the case in a manner that undermines Proposed Intervenors' interests. *See, e.g., Friends of E. Hampton Airport, Inc. v. FAA*, No. 15 Civ. 0441(JS)(ARL), 2016 WL 792411, at *6 (E.D.N.Y. Feb. 29, 2016); *see also W. Energy All. v. Zinke*, 877 F.3d 1157, 1169 (10th Cir. 2017) ("[W]here there is evidence that the government has multiple objectives, [federal courts have] declined to find that [the government] could adequately represent intervenors' interests.").

In addition, the City may fail to adequately protect Proposed Intervenors' interest in increased opportunity for admission and diversity by changing its litigation priorities at some future date or by failing to secure a resolution that would more permanently protect Proposed Intervenors' interest. Even if the City has thus far "vigorously represent[ed]" the expansion of the Discovery Program, "it is not realistic to assume that the [City]'s programs will remain static or unaffected by unanticipated policy shifts." *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1256 (10th Cir. 2001) (quoting *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 974 (3d Cir. 1998)). This is not mere speculation given evidence of the City's inconsistent positions, including its defense of a pending complaint in a different matter alleging racially discriminatory admissions policies in the Specialized High Schools, as well as its relative inaction over time, notwithstanding protracted advocacy on this issue.

Second, Proposed Intervenors may raise legal arguments in defense of the Discovery Program that are unsupported by Defendants, including the argument that the current admissions

6

process to the Specialized High Schools was motivated, at least in part, by racial bias. While Proposed Intervenors feel strongly that the challenged race-neutral Discovery Program should be subject to a rational basis review, in the event that the Court determines that strict scrutiny is appropriate, Defendants will be required to show that the Discovery Program is narrowly tailored to meet a compelling interest. In such a case, Proposed Intervenors may argue that there is a compelling governmental interest to remedy the discrimination on which the current admissions process to the Specialized High Schools is based.

Plaintiffs argue that it is not a disincentive but, rather, the lack of a colorable legal argument that has prevented Defendants from raising such a defense. The strength of this legal argument, however, is not currently before the Court—nor could it be at this early stage in the litigation.[2] In addition, Plaintiffs' argument that this defense is a *post hoc* rationalization of the Discovery

---

[2] Regarding the merits of this legal argument, a plurality of the Supreme Court in *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1* did not require a prior court finding of discrimination to identify a compelling governmental interest when strict scrutiny applies. Instead, the Court stated that:

> [F]or a government unit to remedy past discrimination for which it was responsible, the Court has required it to demonstrate a strong basis in evidence for its conclusion that remedial action was necessary. Establishing a strong basis in evidence requires proper findings regarding the extent of the government unit's past racial discrimination.

551 U.S. 701, 754-55 (2007) (internal citations and quotation marks omitted). In that case, however, "[n]either school district ha[d] made any such specific findings" aside from the absence of court findings. *Id.* at 755. As noted, since the Discovery Program is race-neutral, it should be analyzed under a rational basis review. However, as the paradigm of the kind of diversity initiative that Justice Kennedy endorsed in *Parents Involved*, should the Court employ strict scrutiny to review the Discovery Program, the well-known and persuasive evidence of past intentional discrimination by New York City and New York State can, and likely did, serve as a compelling reason for the City to act to make changes to the ongoing diversity crisis in these schools. This is true regardless of whether there has been a court finding of prior discrimination.

Expansion, ECF No. 93 at 13, is entirely premature at this early stage of the litigation because neither Plaintiffs nor Proposed-Intervenors have had the benefit of discovery.

Rather, Proposed Intervenors maintain that Defendants are disincentivized from raising any factual and legal arguments that might portray the City or State in an unfavorable light—such as evidence of past intentional discrimination, including the origins of the single-test admissions policy—which, in turn, demonstrates Defendants' "adversity of interest" with respect to Proposed Intervenors. *Butler*, 250 F.3d at 180*; see also* ECF No. 87-1 at 25–26. Indeed, in their response to this Motion, Defendants seek to prevent Proposed Intervenors from "propounding any discovery relating to or arising from . . . [the] contention that DOE has previously discriminated against any class of students." Defs.' Mem. in Resp. to Mot. to Intervene 7, ECF No. 92. This untenable request to cabin discovery establishes, at a minimum, that there is merit to Proposed Intervenors' claim of "adversity of interest" between them and Defendants on this point. *Butler*, 250 F.3d at 180; *see also, Cotter v. Mass. Ass'n of Minority Law Enf't Officers*, 219 F.3d 31, 35–36 (1st Cir. 2000) (finding "enough likelihood of conflict or divergence of interest exist[ed] to defeat any claim that the applicant's interest [was] adequately represented by existing parties[]" where "there [was] ample reason for [Boston Police Department] to resist a defense premised on a showing that its tests are currently in violation of law") (citation and quotation marks omitted). Accordingly, "enough likelihood of conflict or divergence of interest exists to defeat any claim that the [Proposed Intervenor's] interest is adequately represented by existing parties." *Id.* at 35.

## PERMISSIVE INTERVENTION

**II.     In the Alternative, Proposed Intervenors Easily Meet the Requirements for Permissive Intervention.**

Finally, this Court need not reach the question of whether Proposed Intervenors' interests are adequately represented by Defendants in order to grant Proposed Intervenors' Motion, because

8

they readily meet the requirements for permissive intervention under Federal Rule of Civil Procedure 24(b).

Defendants concede that Proposed Intervenors meet the Rule's requirements. Plaintiffs argue that the addition of Proposed Intervenors will delay resolution of this suit, add unnecessary complications, and "distract" the Court with their legal arguments. ECF No. 93 at 14. None of these arguments counsel against granting permissive intervention. While Proposed Intervenors have not seen any discovery requests or responses, they do not anticipate asking for a significant amount of additional discovery, either in the form of written discovery or additional depositions. And Plaintiffs have already conceded that Proposed Intervenors possess significant protectable interests in the resolution of this litigation. The nuances of Proposed Intervenors' interests, and the important dimensions they add to this case, cannot be characterized as unnecessary complications or mere distractions. Moreover, Proposed Intervenors' potential legal arguments regarding the discriminatory motives behind the current single-test admissions process will not distract from core issues in this case. Proposed Intervenors raised the possibility of making this legal argument solely as a direct defense to the central claim in this case only if the erroneous legal standard proposed by Plaintiffs is adopted by this Court.

For similar reasons, Defendants' request that the Court limit Proposed Intervenors' involvement in this case—despite endorsing permissive intervention—is largely moot. Defendants seek to prohibit Proposed Intervenors from: (i) materially expanding discovery; (ii) joining new parties; (iii) raising any cross-claims against Defendants; (iv) seeking additional relief in the action; and (v) raising additional arguments or seeking discovery relating to or arising from a contention that DOE has previously discriminated against any class of students. ECF No. 92 at 8. While it is true that Proposed Intervenors do not yet know the scope of discovery, they have

nonetheless already represented to this Court at the pre-motion conference held April 19, 2019 that they do not anticipate requiring significant discovery beyond what is propounded by the existing parties. In addition, Proposed Intervenors averred that they have no plans to file a cross-claim against the DOE or to join new parties. Proposed Intervenors also have no plans to seek relief beyond dismissal. However, Proposed Intervenors maintain that any limit on their ability to advance or take discovery related to a defense relying on past discrimination would be inappropriate, since such argument would be made in the context of raising a defense to the central claim in this case. *See supra* at 7–8.[3] Such an argument would not "unduly delay or prejudice the adjudication of [Plaintiffs' or Defendants'] rights." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (1978). Nevertheless, should the Court find any of Defendants' terms appropriate as a condition of intervention, Proposed Intervenors will adhere to the Court's orders, further obviating any risk of undue delay or prejudice to the parties.

## CONCLUSION

For the foregoing reasons and those set forth in the Memorandum of Law in Support of the instant Motion, Proposed Intervenors respectfully request that this Court grant their Motion to Intervene, pursuant to Federal Rule of Civil Procedure 24(a) or 24(b).

---

[3] As there is no sound basis for the Court to prevent Proposed Intervenors from making such an argument, Defendants' request for the Court to do so only strengthens Proposed Intervenors' contention that their interests will not be adequately represented by Defendants who express outright aversion to this viable legal defense. Though adequacy of representation need not be reached by this Court or shown in cases regarding permissive intervention, "the degree to which [the putative intervenor's] interests are adequately represented by other parties is an additional relevant factor in the permissive intervention determination." *Dorsett v. County of Nassau*, 283 F.R.D. 85, 93 (E.D.N.Y. 2012) (citation and quotation marks omitted).

.

Respectfully submitted on May 24, 2019 by,

/s/ Rachel M. Kleinman
Janai S. Nelson
Jin Hee Lee
Rachel M. Kleinman
Liliana Zaragoza
Earl A. Kirkland III*
NAACP LEGAL DEFENSE &
 EDUCATIONAL FUND, INC.
40 Rector Street, 5th floor
New York, NY 10006
Tel.: (212) 965-2200
rkleinman@naacpldf.org
lzaragoza@naacpldf.org
ekirkland@naacpldf.org

/s/ Jose Perez
Jose Perez
Francisca Fajana
LATINOJUSTICE PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
Tel.: (212) 219-3360
jperez@latinojustice.org
ffajana@latinojustice.org

/s/ Sarah Hinger
Sarah Hinger
Nusrat Choudhury
Jennesa Calvo-Friedman
AMERICAN CIVIL LIBERTIES
 UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 519-7882
shinger@aclu.org
jcalvo-friedman@aclu.org

/s/ Stefanie D. Coyle
Stefanie D. Coyle
Kevin E. Jason
Arthur Eisenberg
Melissa Pettit**
NEW YORK CIVIL LIBERTIES UNION
 FOUNDATION
125 Broad Street, 19th Floor
New York, NY 10004
Tel.: (212) 607-3300
scoyle@nyclu.org
kjason@nyclu.org
mpettit@nyclu.org

*Motion for Pro Hac Vice Appearance
 forthcoming*

**Motion for SDNY Admission forthcoming*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of May, 2019, I caused the foregoing REPLY IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANTS to be electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all counsel of record registered with the CM/ECF system.

s/ Rachel M. Kleinman
Rachel M. Kleinman
Bar No. RK2141
NAACP LEGAL DEFENSE &
   EDUCATIONAL FUND, INC.
40 Rector Street, 5th floor
New York, NY 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
rkleinman@naacpldf.org
