## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTA MCAULIFFE<br>INTERMEDIATE SCHOOL PTO, INC., et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>BILL DE BLASIO, in his official capacity<br>as mayor of New York, et al.,<br><br>*Defendants,*<br><br>and<br><br>TEENS TAKE CHARGE; HISPANIC<br>FEDERATION; DESIS RISING UP AND<br>MOVING; COALITION FOR ASIAN AMERICAN<br>CHILDREN AND FAMILIES; O.R., a minor by and<br>through his mother and next friend, ELIZABETH<br>PIERRET; A.S., a minor by and through his father<br>and next friend, ODUNLAMI SHOWA; C.M., a<br>minor by and through his mother and next friend,<br>ROSA VELASQUEZ; K.B., a minor by and through<br>her mother and next friend, TIFFANY M. BOND;<br>N.D.F. and N.E.F., minor children by and through<br>their mother and next friend, LAUREN R.<br>MAHONEY,<br><br>*Proposed Defendant-Intervenors.* | Case No. 1:18-cv-11657 |

## DEFENDANT-INTERVENORS' ANSWER
## TO THE PLAINTIFFS' COMPLAINT

The Defendant-Intervenors Teens Take Charge; Hispanic Federation; Desis Rising Up and

Moving; Coalition for Asian American Children and Families; Elizabeth Pierret, on behalf of her

minor child O.R.; Odunlami Showa, on behalf of his minor child A.S.; Rosa Velasquez, on behalf

of her minor child C.M.; Tiffany M. Bond, on behalf of her minor child K.B.; and Lauren R.

Mahoney, on behalf of her minor children N.D.F. and N.E.F. (collectively, "Intervenors") submit

the following Answer in response to the Complaint, ECF No. 1, filed in this matter on December 13, 2018.

Intervenors deny that the expansion of the Discovery program is unconstitutional and deny each and every averment of the Complaint except as specifically admitted in the following responses to the individually numbered paragraphs of the complaint.

1.      The first sentence of paragraph "1" of the Complaint is the expression of an opinion and requires no response. Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence. Deny the allegation set forth in the third sentence.

2.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first, third, and fourth sentences of paragraph "2" of the Complaint and affirmatively state that Defendants' plan expands the Discovery Program to one-fifth of each Specialized High School's incoming class over two years. Intervenors deny that the Discovery Program operates as a set-aside, disproportionately prohibiting Asian-American students from competing for 20% of the seats at each Specialized High School.

3.      Deny the truth of the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

4.      The allegations set forth in paragraph "4" of the Complaint are contentions of law that do not require a response.

5.      Deny the truth of the allegations set forth in paragraph "5" of the Complaint, and affirmatively state that the New York City Department of Education ("NYCDOE") has announced plans to expand the number of seats assigned through the Discovery Program for the 2019-2020 and 2020-2021 school years, and that 20% of the seats in the eight testing Specialized

High Schools will be reserved for students admitted through the Discovery Program during the 2020-2021 school year.

6.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint, except admit that the New York City Department of Education maintains offices within the Southern District of New York.

7.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first two sentences of paragraph "7" of the Complaint, except admit that the Christa McAuliffe Intermediate School ("I.S. 187") is a public school located at 1171 65th Street, Brooklyn, New York 11219. The third sentence is the expression of an opinion that requires no response. Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fourth and fifth sentences. In response to the sixth sentence, affirmatively state that because I.S. 187 is below the Economic Need Index of 0.60 this year, its students do not meet that criterion for the Discovery Program this year. In response to the seventh sentence, affirmatively state that the Discovery Program will reserve 20% of seats at the Specialized High Schools that use the Specialized High School Admissions Test for the 2020-2021 school year; because ENI is not a static figure, it is not determined if I.S. 187 will meet the Economic Need Index cutoff in future years. In response to the eighth sentence, the allegations set forth therein are contentions of law and do not require a response, but to the extent a response is required, those allegations are denied.

8.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13.     Admit the first, second, and fourth sentences of paragraph "13" of the Complaint, but deny the truth of the allegations set forth in the third sentence.

14.     Admit that Richard Carranza is the Chancellor of the New York City Department of Education and is sued in his official capacity, deny the remaining allegations of paragraph "14" of the Complaint, and respectfully refer the Court to New York Education Law § 2590-h for a true and accurate statement of significant powers of the Chancellor and the Mayor's power with respect to the appointment and service of the Chancellor.

15.     Paragraph "15" of the Complaint is an expression of opinion that requires no response, but to the extent a response is required, affirmatively state that NYCDOE operates nine Specialized High Schools, only eight of which use the Specialized High School Admissions Test in determining admission and will be directly affected by the New York City Department of Education's expansion of the Discovery Program. Lack knowledge or information sufficient to form a belief as to the truth of the allegation that others collectively refer to Stuyvesant High School ("Stuyvesant"), Bronx High School of Science ("Bronx Science"), and Brooklyn Technical High School ("Brooklyn Tech") as the "Big Three."

16.     Admit the truth of the allegations set forth in paragraph "16" of the Complaint, and affirmatively state that the correct names of two of the listed schools are: Queens High School for

the Sciences at York College and the Fiorello H. LaGuardia High School of Music & Art and Performing Arts.

17.    Lack knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "17" of the Complaint, but affirmatively state that the school report cited therein states that for the 766 students in the Stuyvesant class of 2018 who took the redesigned SAT, the "mid 50%" total score was 1470-1540 and that the College Board SAT Annual Report cited therein states that the total national mean score for the new SAT was 1068. The third sentence of paragraph "17" is the expression of an opinion and requires no response.

18.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint. Affirmatively state that the school profile cited therein states that the Brooklyn Tech class of 2016 had a mean score of 607 on the reading section of the SAT and 683 on the math section of the SAT, compared to the national means of 495 and 511, respectively.

20.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint. To the extent paragraph "20" expresses an opinion, no response is required.

21.    The allegations set forth in paragraph "21" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied, and the Court is referred to N.Y. Education Law § 2590-h(1)(b), incorporating N.Y. Education Law § 2590-g(12), as in effect on March 29, 1997, for a full and accurate statement of its contents.

22.     Admit the truth of the allegations set forth in the first sentence of paragraph "22" of the Complaint and affirmatively state that the SHSAT is the sole determinant of admissions. Further, affirmatively state that LaGuardia High School does not rely on the SHSAT or the Discovery Program for admissions.

23.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint, but affirmatively state that the New York Times article cited in the Complaint lists cutoff scores for the test given in November 2017 as: 559 at Stuyvesant High School; 519 at Staten Island Technical High School; 518 at Bronx High School of Science; 516 at High School for Mathematics, Science, and Engineering at City College; 516 at High School of American Studies at Lehman College; 511 at Queens High School for the Sciences at York College; 493 at Brooklyn Technical High School; and 482 at the Brooklyn Latin School.

24.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint, but affirmatively state that the article cited therein states that 671 was the max score for Brooklyn Technical High School.

25.     The allegations set forth in the first sentence of paragraph "25" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied, and the Court is respectfully referred to N.Y. Education Law § 2590-h(1)(b), incorporating N.Y. Education Law § 2590-g(12), as in effect on March 29, 1997, for a full and accurate statement of its contents. Deny the allegations set forth in the second sentence of paragraph "25" of the Complaint.

26.     The allegations set forth in paragraph "26" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied, and the Court is respectfully referred to N.Y. Education Law § 2590-h(1)(b), incorporating N.Y.

Education Law § 2590-g(12)(d), as in effect on March 29, 1997, for a full and accurate statement of its contents.

27.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint and the Court is respectfully referred to N.Y. Education Law § 2590-h(1)(b), incorporating N.Y. Education Law § 2590-g(12)(d), as in effect on March 29, 1997, for a full and accurate statement of its contents, and affirmatively state that the New York Times article cited therein states that by 2015 Stuyvesant, among other specialized high schools, no longer accepted students through the Discovery Program, but that it was reinstated at Stuyvesant in the summer of 2018, where 23 students participated in the Discovery Program.

28.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint, but affirmatively state that the article cited therein states that students selected for the Discovery Program in 2018 had scores ranging from 469 to 481.

29.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint, but affirmatively state that the article cited therein states that 270 students attended the Discovery Program in the summer of 2018.

30.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint, but respectfully refer the Court to the New York City Department of Education's *Demographic Snapshot*, available at: https://infohub.nyced.org/docs/default-source/default-document-library/demographicsnapshot201314to201718public_final8597442c0f1a4708b49b23ff4617f35d.xlsx.

31.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint, but respectfully refer the Court to the New York City Department of Education's *Demographic Snapshot,* available at: https://infohub.nyced.org/docs/default-source/default-document-library/demographicsnapshot201314to201718public_final8597442c0f1a4708b49b23ff4617f35d.xlsx.

32.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint, but respectfully refer the Court to the New York City Department of Education's *Demographic Snapshot*, available at: https://infohub.nyced.org/docs/default-source/default-document-library/demographicsnapshot201314to201718public_final8597442c0f1a4708b49b23ff4617f35d.xlsx.

33.    Deny the truth of the allegations set forth in paragraph "33" of the Complaint, and respectfully refer the Court to the statement of the Mayor and the Chancellor referenced in paragraph "33" of the Complaint for a true and complete statement of its contents.

34.    Deny the truth of the allegations set forth in the first sentence of paragraph "34" of the complaint, and admit the truth of the allegations set forth in the second sentence.

35.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36.    Deny the truth of the allegations set forth in the first sentence of paragraph "36" of the Complaint, and lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence.

37.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint, and affirmatively state that NYCDOE materials explain ENI as follows: "If the student is HRA-eligible or living in temporary housing, the student's Economic Need Value is 1.0. For high school students, if the student has a home language other than English and entered the NYC DOE for the first time within the last four years, the student's ENI value is 1.0. Otherwise, the student's Economic Need Value is based on the percentage of families (with school-age children) in the student's census tract whose income is below the poverty level, as estimated by the American Community Survey 5-Year Estimate. The student's Economic Need Value equals the decimal value of this percentage (e.g., if 62% of families in the census tract have income below the poverty line, the student's Economic Need Value is 0.62). The school's Economic Need Index is the average of its students' Economic Need Values."[1]

38.     The allegations set forth in paragraph "38" of the Complaint express opinions and contentions that do not require a response, but to the extent a response is required, Intervenors deny the allegations, except admit that a student must attend a school with an ENI of 0.60 or greater to be eligible for the Discovery Program for the 2019-2020 school year.

39.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint, but affirmatively state that the press release cited therein states that based on modeling of current offer patterns, it is estimated that 16% of offers would go to Black and Latino students, compared to 9% currently.

---

[1] *Equity and Excellence for All: Diversity in New York City Public Schools*, NYCDOE, https://www.schools.nyc.gov/docs/default-source/default-document-library/diversity-in-new-york-city-public-schools-english (last visited May 2, 2019).

40.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48.     The allegations set forth in paragraph "48" of the Complaint are arguments and contentions that do not require a response, but to the extent a response is required, the allegations are denied.

49.     Admit that the Discovery changes are facially race-neutral, but deny the balance of paragraph "49" of the Complaint.

50.     Deny the truth of the allegations set forth in paragraph "50" of the Complaint, and respectfully refer the Court to the full statements of the Mayor for a true and complete representation of their contents.

51.     Deny the truth of the allegations set forth in paragraph "51" of the Complaint, and respectfully refer the Court to the full statement of the Chancellor for a true and complete representation of its contents.

52.     Deny the truth of the allegations set forth in paragraph "52" of the Complaint, and respectfully refer the Court to the press release referenced therein for a true and complete representation of its contents.

53.     Deny the truth of the allegations set forth in paragraph "53" of the Complaint, and respectfully refer the Court to the press release referenced therein for a true and complete representation of its contents.

54.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint, but affirmatively state that the Specialized High School Proposal cited therein reflects those statistics.

55.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint, but affirmatively state that the *Chalkbeat* article cited in the Complaint states that 64% of students admitted through the Discovery Program in 2018 were Asian and 67% of students admitted through the Discovery Program in 2017 were Asian.

56.     Deny the truth of the allegations set forth in paragraph "56" of the Complaint, but admit that the *Chalkbeat* article cited in paragraph "55" of the Complaint states that approximately

two-thirds of the students participating in the Discovery Program in the 2017-2018 and 2018-2019 school years were Asian.

57.     Deny the truth of the allegations set forth in paragraph "57" of the Complaint.

58.     Intervenors re-allege each and every response contained in paragraphs "1" through "57" above as though fully set forth herein.

59.     The allegations set forth in paragraph "59" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, Intervenors respectfully refer the Court to the Fourteenth Amendment of the United States Constitution for a full and accurate statement of its contents.

60.     The allegations set forth in paragraph "60" of the Complaint are conclusions of law that do not require a response, but to the extent a response is required, the allegations are admitted.

61.     The allegations set forth in paragraph "61" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

62.     Deny the truth of the allegations set forth in paragraph "62" of the Complaint.

63.     Deny the truth of the allegations set forth in paragraph "63" of the Complaint.

64.     Deny the truth of the allegations set forth in paragraph "64" of the Complaint, except admit that the changes are presently unknowable.

65.     Deny the truth of the allegations set forth in paragraph "65" of the Complaint.

66.     The allegations set forth in paragraph "66" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

67.     The allegations set forth in paragraph "67" of the Complaint are contentions and conclusions of law that do not require a response, but to the extent a response is required, those allegations are denied.

68.     The allegations set forth in paragraph "68" of the Complaint are conclusions of law that do not require a response, but to the extent a response is required, those allegations are denied.

69.     The allegations set forth in paragraph "69" of the Complaint are conclusions of law that do not require a response, but to the extent a response is required, those allegations are denied.

## PRAYER FOR RELIEF

Intervenors deny that *McAuliffe* Plaintiffs are entitled to declaratory, injunctive, legal, or equitable relief, or are entitled to any attorneys' fees and costs, in that all of the Defendants' actions at issue are consistent with the United States Constitution.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Defendants have not violated any rights, privileges, or immunities under the United State Constitution or the laws of the United States, the state of New York, or any political subdivision thereof.

## THIRD AFFIRMATIVE DEFENSE

Each of the named Plaintiffs lacks standing to bring this action, and the Court therefore lacks jurisdiction over the case.

## FOURTH AFFIRMATIVE DEFENSE

The Defendants' efforts to diversify New York City specialized high schools do not amount to intentional discrimination. The expansion of the Discovery Program was race-neutral and is subject to rational basis review.

Respectfully submitted on this 3rd day of May 2019 by,

/s/ Rachel M. Kleinman
Janai S. Nelson
Jin Hee Lee
Rachel M. Kleinman
Liliana Zaragoza
Earl A. Kirkland III*
NAACP LEGAL DEFENSE &
    EDUCATIONAL FUND, INC.
40 Rector Street, 5th floor
New York, NY 10006
Tel.: (212) 965-2200
rkleinman@naacpldf.org
lzaragoza@naacpldf.org
ekirkland@naacpldf.org


/s/ Jose Perez
Jose Perez
Francisca Fajana
LATINOJUSTICE PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
Tel.: (212) 219-3360
jperez@latinojustice.org
ffajana@latinojustice.org

/s/ Sarah Hinger
Sarah Hinger
Jennesa Calvo-Friedman
AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 519-7882
shinger@aclu.org
jcalvo-friedman@aclu.org

/s/ Stefanie D. Coyle
Stefanie D. Coyle
Kevin E. Jason
Arthur Eisenberg
Melissa Pettit**
NEW YORK CIVIL LIBERTIES UNION
    FOUNDATION
125 Broad Street, 19th Floor
New York, NY 10004
Tel.: (212) 607-3300
scoyle@nyclu.org
kjason@nyclu.org
mpettit@nyclu.org


*Motion for Appearance Pro Hac Vice
    forthcoming

**Motion for SDNY Admission forthcoming