

September 23, 2019

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY  10007

Re:   *Christa McAuliffe Intermediate School PTO, Inc. v. Bill De Blasio*, 18 CV11657 (ER)(OTW)

Your Honor:

     We represent Plaintiffs in this case, a constitutional challenge to Defendants' recent changes to the admissions process for New York City's Specialized High Schools. Plaintiffs contend that those changes violate the Equal Protection Clause because, "though race neutral on their face, they are motivated by a racial purpose or object." *Miller v. Johnson*, 515 U.S. 900, 913 (1995). And because the changes to the City's Discovery Program are facially neutral, evidence concerning both the impacts of, and the motivations behind, these changes must be considered by the Court. To that end, on April 4, 2019, Plaintiffs served Defendants with document requests regarding both the impact of and the intent behind Defendants' admissions changes. Since then, they have worked in good faith with Defendants to narrow certain requests. Almost six months after the requests were served, however, Defendants have produced only a small number of documents. Plaintiffs therefore agree with Defendants that a discovery extension is required. But it is Plaintiffs' understanding that Defendants intend to ask the Court to bifurcate this case into a "disparate impact" phase and an "intent" phase. The Court should deny any such request, which would reward Defendants for their tardy production and impede Plaintiffs' right to present their claims.

### THE PARTIES' DISCOVERY EFFORTS AND NEED FOR EXTENSION

     The Court's original Scheduling Order (Mar. 8, 2019 Order, Dkt. No. 71) called for the completion of non-expert depositions and the exchange of expert reports by August 15; and called for the completion of expert depositions and the close of all discovery by September 16. The parties, through Defendants' July 25, 2019 Letter (Dkt. No. 107), advised the Court that they would seek an extension.

     The parties have met and conferred in good faith multiple times over the last few months regarding Plaintiffs' document requests. As a result, Plaintiffs agreed to narrow certain requests (pending review of Defendants' production), and Defendants produced some documents containing "aggregate" demographic[1] data of New York City students.

---

[1] By "demographic(s)," Plaintiffs mean the data categories contained in New York City's Demographic Snapshot—of which the Court took judicial notice (Dkt. No. 69)—including sex, race, ethnicity, disability, English-language learner status, poverty, and Economic Need Index.

The Honorable Edgardo Ramos
September 23, 2019
Page 2

Defendants have agreed to produce additional documents, containing "individualized" demographic data—information concerning individual student eligibility for Discovery, specialized-school exam scores, etc.—but have not yet done so. This delay was caused by a combination of Defendants' need to search dispersed sources of information, the parties' discussions and efforts to reduce the scope of Plaintiffs' requests, and efforts to ensure that the individualized data is protected.[2]

Defendants hope to produce all of the "individualized" data by mid-October, and Plaintiffs understand that this production will be more voluminous than Defendants' production to date. Plaintiffs will need time to review the documents, and Plaintiffs' expert witness will need this individualized data to create models to show the short-term and long-term effects of Defendants' changes to the admissions process. Plaintiffs intend to submit an expert report, and Defendants will presumably depose the expert. The parties also intend to conduct fact depositions. Plaintiffs therefore suggest that discovery be extended through May 29, 2020—the date that Plaintiffs originally proposed to Defendants when the parties discussed a proposed schedule in March of this year.

## THE COURT SHOULD NOT BIFURCATE THIS CASE

All documents produced by Defendants so far, and all documents that they hope to produce by mid-October, concern only the *impacts* caused by the changes to the Discovery Program. But, contrary to their original position, and many months into the discovery phase, Defendants have informed Plaintiffs that they want to withhold documents concerning the *intent* behind these changes. Defendants contend that Plaintiffs must prove a disparate impact before being allowed discovery into Defendants' motivations. Defendants will therefore ask the Court to bifurcate this case into (1) a "disparate-impact" phase and (2) an "intent" phase. This procedure would be inefficient, unnecessary, and unfair to Plaintiffs. Defndants' request should be rejected, and the Court should consider and resolve this case in its entirety.

First, bifurcation would inevitably delay resolution of Plaintiffs' claims. Under Defendants' plan, 20 percent of ninth-grade seats at the specialized high schools for the 2020-21 school year will be reserved for Discovery students, and Plaintiffs allege that

---

[2] The Court has entered the parties' Stipulated Confidentiality Order (Dkt. No. 90); and the parties recently agreed to a further proposal to protect the identity of individual students and comply with the Family Education Rights and Privacy Act (FERPA) and similar state and city laws. The parties intend to submit a proposal for the Court's consideration.

The Honorable Edgardo Ramos
September 23, 2019
Page 3

because of Defendants' intentionally discriminatory changes, thousands of Asian-American students will be ineligible to compete for those seats. The longer this case goes on, the more that Asian-American students will suffer unlawful discrimination.

Second, it is Plaintiffs' understanding that, because of the resources required, Defendants will conduct a single search for ESI documents responsive to *all* of Plaintiffs' requests. But Defendants propose to produce only the "disparate-impact" documents, and not the "intent" documents. That is, while Defendants' one-time search will be comprehensive, they want to withhold certain documents only so they can put off their privilege- and confidentiality-review obligations. Ultimately, little efficiency would be gained through Defendants' proposal and, in fact, the Court's resources would be wasted by unnecessarily separating consideration of the two questions before the Court.

Finally, there is no good reason for delay in this case. The disparate-impact and intent questions are interrelated and should be considered together. It is well settled that actions like the Discovery Program changes "are subject to strict scrutiny under the Equal Protection Clause not just when they contain express racial classifications, but also when, though race neutral on their face, they are motivated by a racial purpose or object." *Miller v. Johnson*, 515 U.S. 900, 913 (1995). Plaintiffs have the burden to show such a purpose—after which the burden shifts to Defendants to prove that their actions were narrowly tailored to further a compelling government interest. *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 227 (1995); *Jana-Rock Const., Inc. v. N.Y. State Dep't of Econ. Dev.*, 438 F.3d 195, 204–05 (2d Cir. 2006). But if the Court accepts Defendants' suggestion and bifurcates discovery, then Plaintiffs will be hamstrung in their ability to meet their initial burden.

\* \* \*

Plaintiffs appreciate Defendants' discovery cooperation and efforts to date. Nonetheless, Plaintiffs should not be prejudiced by Defendants' delays. Nor should Defendants be permitted to alter the scope of the discovery plan more than six months into the discovery phase—particularly when both topics of discovery go directly to Plaintiffs' claims. The parties can efficiently complete discovery on all issues within the timeframe set forth above. It is unnecessary to bifurcate this case, and bifurcation would be unfair to Plaintiffs and the thousands of Asian-American students they represent.

Plaintiffs thank the Court for its time and attention to this case.

The Honorable Edgardo Ramos
September 23, 2019
Page 4

                                                    Sincerely,

                                                    JOSHUA P. THOMPSON*
                                                    WENCONG FA*
                                                    OLIVER J. DUNFORD*
                                                    CHRISTOPHER M. KIESER*
                                                      GLENN E. ROPER*
                                                    Counsel for Plaintiffs

                                                   *Admitted Pro Hac Vice*