# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTA MCAULIFFE INTERMEDIATE SCHOOL PTO, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BILL DE BLASIO, et al.,<br><br>Defendants. | 1:18-cv-11657-ER-OTW<br><br>PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS |

Plaintiffs Christa McAuliffe Intermediate School PTO, Inc.; Chinese American Citizens Alliance of Greater New York; Asian American Coalition for Education; Phillip Yan Hing Wong; Yi Fang Chen; and Chi Wang, pursuant to Federal Rule of Civil Procedure 34, make the following Requests for Production of Documents from Defendants. Please note that you are required to respond to these Requests within the time specified in Rule 34 of the Federal Rules of Civil Procedure. You should produce all documents and electronically stored information (ESI) to:

Joshua P. Thompson
Pacific Legal Foundation
930 G Street
Sacramento, California 95814

## INSTRUCTIONS

In answering these Requests, you are required to furnish all information that is known or reasonably available to you, including information that is in the possession and/or control of your attorneys, officers, agents, and employees, and not merely such information as is within your personal knowledge. You must produce documents as they are kept in the usual course of business or organize and label them to correspond to the Requests. All ESI

1

is to be produced in native form or in another reasonably legible and usable form that preserves and protects all document metadata. Your obligation to produce responsive documents is ongoing.

For each Request, your response must either be to produce responsive documents or state an objection to the Request, including all reasons for the objection. An objection to only part of a Request must specify which part is objected to, and you should produce responsive documents to every other part of the Request. If any Request cannot or will not be responded to fully either because of lack of information or existence of an alleged privilege, or for any other reason, the Request should nevertheless be complied with to the greatest extent possible, and that part of the Request not complied with should be identified along with the reason(s) for not responding more completely. If you object to any term in a Request as vague or unclear, you should assume a usual and reasonable meaning for the term, explain the meaning you are using, and respond to the Request. If you object to a Request or part of a Request, please specify whether any documents are being withheld on the basis of the objection.

Should you elect to assert privilege as a ground for objection or your refusal to produce any document requested, you are requested to provide a privilege log consistent with Local Civil Rule 26.2 in which you identify the nature of the privilege which is being claimed (i.e., attorney-client privilege, right to privacy, attorney work product doctrine, etc.); the type of document; general subject matter of the document; document date; author; addressees; recipients; and the relationship of the author, addressees, and recipients to each other.

Should confidential student information—such as names, addresses, or individual test scores—appear in any responsive documents, you may elect to redact such confidential

information. Otherwise, Plaintiffs agree not to disclose or use any confidential student information.

Unless otherwise specified within the Request, each Request is limited to documents created, edited, or modified since **January 1, 2014**.

## DEFINITIONS

For purposes of responding to these Requests, please use the following definitions, in addition to those contained in Local Civil Rule 26.3:

1. **"Primary school"** means any intermediate, middle, or other school in New York City at which eighth-grade students are enrolled.

2. **"Specialized school"** means any of the Specialized High Schools in New York City that base admission decisions on the SHSAT, including: Stuyvesant High School; Bronx High School of Science; Brooklyn Technical High School; Brooklyn Latin School; High School for Mathematics, Science and Engineering at City College of New York; High School of American Studies at Lehman College; Staten Island Technical High School; and Queens High School for the Sciences at York College. For purposes of these Requests, the term does not include the Fiorello H. LaGuardia High School of Music & Art and Performing Arts.

3. **"Demographic(s)"** means the data categories contained in New York City's Demographic Snapshot—which the Court took judicial notice of in its Opinion & Order dated February 25, 2019—including sex, race, ethnicity, disability, English language learner status, poverty, and Economic Need Index.

4. **"Poverty"** is defined as used in New York City's Demographic Snapshot, which the Court took judicial notice of in its Opinion & Order dated February 25, 2019.

3

5. **"DOE"** means the New York City Department of Education, together with its officers, agents, contractors, employees, and representatives.

6. **"SHSAT"** means the Specialized High School Admissions Test.

7. **"Discovery Program eligibility criteria revisions"** refers to DOE's decision in 2018 to expand and revise eligibility criteria for the Discovery Program, as described and as the term is used in Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for a Preliminary Injunction, ECF No. 51 (Jan. 17, 2019).

4

## REQUESTS FOR PRODUCTION

Please produce or make available the following:

### Request for Production No. 1:

All documents identified in Defendants' Initial Disclosures—regardless of when the document was created, edited, or modified.

### Request for Production No. 2:

All documents containing demographic data for the specialized schools each year since 1971—in a form identical or similar to the data contained in the Demographic Snapshot—regardless of when the document was created, edited, or modified.

### Request for Production No. 3:

All documents showing the size and demographics of the Discovery Program at each specialized school each year since 1971—regardless of when the document was created, edited, or modified.

### Request for Production No. 4:

All documents concerning the raw number and proportional representation of Asian-American students who were offered admission to or who attended a specialized school each year since January 1, 2014.

### Request for Production No. 5:

All documents concerning (1) changes at any time since 1971 in the overall demographics of students at the specialized schools and (2) the reasons for such changes.

### Request for Production No. 6:

All documents concerning the reasons offerees or attendees at the specialized schools come from certain primary schools.

### Request for Production No. 7:

All manuals, policies, and procedures governing or concerning DOE's high school admissions program.

### Request for Production No. 8:

For each year since January 1, 2014, including 2019, with respect to all students who received an offer for Round 1 admission to a specialized school:

5

a. All documents concerning the SHSAT cutoff score for each specialized school and how each cutoff score was set;

b. All documents concerning the students' demographics;

c. All documents concerning the raw number and proportional representation of students of each race or ethnicity who were in poverty;

d. All documents concerning the raw number and proportional representation of students from each primary school;

e. All documents concerning the raw number and proportional representation of students from each primary school who were in poverty;

f. All documents concerning the demographics, including racial demographics, of students who were from each primary school; and

g. All documents concerning the raw number and proportional representation of students of each race or ethnicity who accepted or declined the offer.

### Request for Production No. 9:

With respect to the Discovery Program at each specialized school for each year after January 1, 2014 and before June 3, 2018:

a. All documents concerning eligibility requirements for the Program or the criteria for selecting students for the Program;

b. All documents concerning the SHSAT cutoff score for participation in the Program and how the cutoff SHSAT score was set;

c. All documents concerning offers to participate in the Program, including the demographics of students who received offers;

d. All documents concerning the raw number and proportional representation of students who received offers to participate in the Program who were from each primary school;

e. All documents concerning the demographics, including racial demographics, of students who received offers to participate in the Program from each primary school; and

f. All documents concerning the expected or actual effect of the Program on the demographics of the specialized schools.

### Request for Production No. 10:

Each year between January 1, 2014 and June 3, 2018, with respect to students who did *not* participate in the Discovery Program but who: (1) were eligible for the Program based on SHSAT score and individual requirements for categorization as disadvantaged or (2) were given an offer to participate in the Program:

6

   a. All documents, including offer letters and parent/student responses, concerning the number of the students who (1) accepted a Round 1 offer rather than participate in the Program, (2) otherwise indicated that they would attend a different school, or (3) otherwise chose not to participate in the Program;

   b. All documents, including offer letters and parent/student responses, concerning the demographics of these students; and

   c. All documents indicating these students' primary school.

**Request for Production No. 11:**

With respect to the Discovery Program eligibility criteria revisions:

   a. The DOE organization charts current as of (a) January 1, 2018 and (b) June 3, 2018;

   b. All documents concerning natural persons who participated in the decision-making process for the revisions and the role each natural person played;

   c. All documents concerning the reasons for the revisions;

   d. All documents concerning the setting of an Economic Need Index (ENI) of 60% for participation in the Program, including how and why that threshold requirement was selected and why other threshold requirements were not selected;

   e. All documents—specifically including agendas, meeting minutes, handouts, notes, presentations, communications, and memoranda—presented at or resulting from or otherwise concerning any meeting where the revisions were discussed or were an agenda item;

   f. All documents concerning the expected, anticipated, or modeled effect of the revisions on the demographics of the specialized schools;

   g. All documents concerning any alternative options considered by the DOE, including other revisions to the Program that were proposed or considered and all other proposed or considered actions that were intended or expected to affect the demographics of the specialized schools;

   h. All documents concerning the efforts of any person to lobby, persuade, or influence Defendants regarding revisions to the specialized school admissions process or the Program eligibility criteria; and

   i. All speech transcripts, press releases, presentations, tweets, social media posts, electronic messages, or public statements by Defendants—including anyone from the Mayor's office and any DOE employee, or anyone representing the Mayor or the DOE—concerning the specialized school

7

admissions process or the Program, including any proposed or adopted revisions thereto.

**Request for Production No. 12:**

With respect to the 2019 specialized school admissions process:

a. All documents concerning the SHSAT cutoff score for Round 1 admission to each specialized school, including how or why that cutoff score was selected;

b. All documents concerning the SHSAT cutoff score for participation in the Discovery Program and how the cutoff SHSAT score was set;

c. All documents concerning the students who received offers to participate in the Discovery Program, including the demographics of those students;

d. All documents related to the assertion in paragraph 8 Nadiya Chadha's Supplemental Declaration, ECF No. 61-1, that were it not for the Discovery Program eligibility criteria revisions, the SHSAT cutoff score would be 481, including how that cutoff score was calculated;

e. All documents concerning the students who scored between 481 and 485 on the SHSAT or who would have received a Round 1 offer at a specialized school were it not for the Discovery Program eligibility criteria revisions, including the demographics of those students;

f. All documents concerning the students who scored less than 481 on the SHSAT but whose SHSAT score and individual requirements for categorization as disadvantaged would have made them eligible for participation in the Discovery Program were it not for the Discovery Program eligibility criteria revisions, including the demographics of those students; and

g. All documents, including offer letters and parent/student responses, concerning which primary school(s) the students referred to in Request for Production No. 12:.c, e, and f attended.

**Request for Production No. 13:**

All documents concerning the effect of students choosing to attend charter or private schools—including the effect of Prep for Prep, Oliver Scholars, or any other private school recruiting or admissions program—on the overall demographics of students at the specialized schools or on the number of students of each race or ethnicity who receive or accept offers to attend the specialized schools.

8

### Request for Production No. 14:

All documents concerning the number of students of each race or ethnicity who have taken the SHSAT since 1971—regardless of when the document was created, edited, or modified.

### Request for Production No. 15:

All documents concerning the creation, development, alteration, or application of the Economic Need Index or Economic Need Value metrics.

### Request for Production No. 16:

All documents concerning the demographics of students who received a "1.0" or "100 percent" Economic Need Value score.

### Request for Production No. 17:

All documents concerning the income of New York City residents according to race or ethnicity, including (1) the percentage of families and children of each race or ethnicity who live below the federal poverty line and (2) the percentage of children of each race or ethnicity who are eligible for free or reduced price lunch—or who would be eligible under the methodology applied in the Demographic Snapshot.

### Request for Production No. 18:

All documents concerning demographic data for each Census tract in New York City, including racial demographics, the proportion of residents living in public housing, and the median household income in each Census tract.

### Request for Production No. 19:

All documents—regardless of when the document was created, edited, or modified—concerning the experience of students at the specialized schools with respect to the students' race, ethnicity, or other demographic, including whether any students have experienced racial isolation or exclusion, or experienced other types of isolation or exclusion.

### Request for Production No. 20:

All documents—regardless of when the document was created, edited, or modified—concerning the statement on page 33 of Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for a Preliminary Injunction, ECF No. 51 (Jan. 17, 2019) that "DOE confronted a disturbing trend in the Specialized High Schools of the isolation and exclusion of African-American and Latino students."

Request for Production No. 21:

All documents that DOE has developed, considered, or used since January 1, 2014—regardless of when the document was created, edited, or modified—to determine whether a school is racially, ethnically, geographically, or socioeconomically diverse.

Request for Production No. 22:

All documents—regardless of when the document was created, edited, or modified—concerning whether the SHSAT is a valid examination tool and whether it contains any racial bias or produces racially discriminatory outcomes. This Request specifically includes all documents concerning DOE's review of or response to the May 2012 complaint filed with the Office of Civil Rights of the United States Department of Education, referenced in footnote 2 of Defendants' Answer, including the DOE study referenced in footnote 13 of Plaintiffs' Reply in Support of Motion for Preliminary Injunction, ECF No. 55 (Jan. 24, 2019).

Request for Production No. 23:

All documents—regardless of when the document was created, edited, or modified—concerning your contention that fostering or encouraging geographic, socioeconomic, racial, or ethnic diversity in secondary schools is a compelling government interest.

Request for Production No. 24:

All documents—regardless of when the document was created, edited, or modified—concerning your contention that fostering or encouraging geographic, socioeconomic, racial, or ethnic diversity in the specialized schools is a compelling government interest.

Request for Production No. 25:

All documents—regardless of when the document was created, edited, or modified—concerning your contention that changing the racial makeup of, or increasing racial diversity at, the specialized schools is a compelling government interest.

Request for Production No. 26:

All documents—regardless of when the document was created, edited, or modified—concerning your contention that changing the racial makeup of, or increasing racial diversity at, the specialized schools provides educational benefits.

Request for Production No. 27:

All documents—regardless of when the document was created, edited, or modified—concerning your contention that other race-neutral initiatives designed to foster diversity at the specialized schools have been unsuccessful.

### Request for Production No. 28:

All documents—regardless of when the document was created, edited, or modified—concerning your contention that the Discovery Program eligibility criteria revisions are narrowly tailored to further a governmental interest.

### Request for Production No. 29:

All documents—regardless of when the document was created, edited, or modified—concerning your contention that the Discovery Program eligibility criteria revisions have not resulted and will not result in a disparate impact on a protected class, specifically including Asian-Americans.

### Request for Production No. 30:

All documents—regardless of when the document was created, edited, or modified—concerning your contention that the Discovery Program eligibility criteria revisions are not motivated by a discriminatory purpose.

### Request for Production No. 31:

All documents—regardless of when the document was created, edited, or modified—concerning your contention that Discovery Program eligibility criteria revisions do not rely upon individual racial classifications.

### Request for Production No. 32:

All documents—regardless of when the document was created, edited, or modified—concerning your contention that the Discovery Program eligibility criteria revisions should be reviewed under a rational-basis review.

### Request for Production No. 33:

To the extent not produced in response to another Request, all communications sent or received by anyone identified in Defendants' Initial Disclosures concerning (1) the subject matters identified in Defendants' Initial Disclosures, (2) the SHSAT and any actual or potential revisions thereto, or (3) the Discovery Program and any actual or potential revisions to its eligibility criteria.

### Request for Production No. 34:

To the extent not produced in response to another Request, all documents—regardless of when the document was created, edited, or modified—that you will use to support any of the affirmative defenses raised in your Answer.

Dated: April 4, 2019                    Respectfully submitted,

                                        s/ *Joshua P. Thompson*
                                        JOSHUA P. THOMPSON, Cal. Bar No. 250955*
                                        WENCONG FA, Cal. Bar No. 301679*
                                        OLIVER J. DUNFORD, Cal Bar No. 320143*
                                        CHRISTOPHER M. KIESER, Cal. Bar. No. 298486*
                                        Pacific Legal Foundation
                                        930 G Street
                                        Sacramento, CA 95814
                                        Telephone: (916) 419-7111
                                        Facsimile: (916) 419-7747
                                        E-Mail: JThompson@pacificlegal.org
                                        E-Mail: WFa@pacificlegal.org
                                        E-Mail: ODunford@pacificlegal.org
                                        E-Mail: CKieser@pacificlegal.org

                                        *Counsel for Plaintiffs*

                                        **Pro Hac Vice*

## CERTIFICATE OF SERVICE

Plaintiffs hereby certify that the foregoing Requests for Production were served on April 4, 2019, via email, upon consent of all counsel, to the following individuals:

**Thomas B. Roberts**
 ThRobert@law.nyc.gov
**Marilyn Richter**
 MRichter@law.nyc.gov
Corporation Counsel of the City of New York
100 Church Street, Room 2-110
New York, New York 10007

*Counsel for Defendants*

                                        s/ *Joshua P. Thompson*

                                        Joshua P. Thompson
                                        *Attorney for Plaintiffs*