# EXHIBIT 1

NON-DISCLOSURE / NON-USE AGREEMENT
FOR AN EVALUATION OF AN EDUCATION PROGRAM

This agreement ("Agreement") is dated October 1, 2019 between
The Department of Education of the City of New York with an address at 52 Chambers Street, New York, New York 10007 (the "DOE")
and
The Pacific Legal Foundation with an address at 930 G Street, Sacramento, CA 94814 ("Recipient" and together with the DOE, "the Parties"),

And relates to an evaluation of admissions to the Specialized High Schools for classes entering in September 2016 through September 2020 (the "Evaluation")

The Parties agree as follows:

1. The DOE shall provide the Recipient the following data (the "Student Dataset") for each eighth-grade student who took the Specialized High School Admissions Test (the "SHSAT") for admission to the DOE's Specialized High Schools ("SHS") in the classes entering in September 2016, September 2017, September 2018, September 2019, and September 2020: (1) the student's score on the SHSAT; (2) the student's school choices in order of preference; (3) the student's race; (4) the middle school the student attended; (5) whether or not the middle school attended was a private school; (6) whether or not the middle school attended had an Economic Needs Index ("ENI") of 60% or above according to the Demographic Snapshot data available at the time an Invitation to participate in the Discovery Program was or would have been sent; (7) whether the student received an Offer based on his/her SHSAT score and if so, to which school; (8) whether the student received an Invitation to participate in the Discovery Program and if so, to which school; (9) whether the student received an Offer to participate in the Discovery Program and if so, to which school. In addition, for eighth-grade students who took the SHSAT for admission in the classes entering in September 2017, September 2018, September 2019, and September 2020: (a) whether the student met the individual criteria for "disadvantaged" as used to determine eligibility for the Discovery Program that were in effect when the student's SHSAT exam results were initially processed and Discovery Invitations were made; or (b) whether it was unknown, when the student's SHSAT exam results were initially processed and Discovery Invitations were made, whether the student met the applicable individual criteria for "disadvantaged." For eighth-grade students who took the SHSAT for admission in the class entering in September 2016, the DOE shall provide the Recipient the information in (a) and (b) in the preceding sentence for only those students who scored below the cut-off score for admission based on SHSAT score and at or above the cut-off score for the Discovery Program.

2. The Recipient acknowledges that it is the DOE's position that the Student Dataset, in whole or in any part, constitutes personally identifiable information ("PII") pursuant to 20 U.S.C. 1232g and as defined in the regulations promulgated thereunder, 34 C.F.R. Part 99 (collectively, "FERPA"), in that the Student Dataset includes information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty, as denoted in the definition of PII found at 34 C.F.R. §99.3. The Recipient agrees to hold the Student Dataset confidential pursuant to applicable provisions of state and federal laws, including but not limited to FERPA and New York Education Law §2-d and any applicable regulations promulgated thereunder.

3. The Recipient represents and agrees that its use of the Student Dataset is subject to the provisions of 34 C.F.R. §99.31(a)(3) and §99.35, in that the Recipient is conducting an evaluation of the Discovery Program, a federal and/or state supported education program (the "Evaluation"). The Recipient agrees that the sole purpose of the Evaluation, and the sole use to which the Student Dataset will be put, is to determine the effect the changes to the Discovery Program announced in June 2018 had and will have on the admission of students to the SHS. The Recipient agrees that it is hereby designated as the authorized

representative of the DOE for the sole purpose of conducting the Evaluation and that the DOE will not be responsible for or bound to any conclusions or recommendations that may be made in or as the result of the Evaluation.

4. The Recipient acknowledges and agrees that the Student Dataset constitutes "Protected Material" as that term is defined in the Stipulated Protective Order and Clawback Agreement stipulated to by the Recipient and the NYC Office of Corporation Counsel (the "Protective Order"), so ordered by the Honorable Edgardo Ramos on May 16, 2019 in *Christa McAuliffe Intermediate School PTO, Inc., et al v. Bill de Blasio in his official capacity as Mayor of New York, et ano.*, U.S.D.C., S.D.N.Y. No. 18 CV 11657 (ER)(OTW) (the "Action"). This Agreement shall control concerning the Student Dataset to the extent there is any conflict between the terms of this Agreement and the Protective Order.

5. The Recipient shall disclose the Student Dataset only to its employees (hereinafter referred to as "Personnel"), and its nonemployee agents, consultants, or subcontractors (hereinafter collectively referred to as "Non-Employee Recipients," and together with Personnel, "Authorized Users") who need to access, use, or disclose the Student Dataset in order to carry out the Evaluation and in those instances only to the extent justifiable by that need. The Recipient shall ensure that all such Authorized Users comply with the terms of this Agreement. The Recipient agrees to ensure that any Non-Employee Recipients execute a non-disclosure agreement that includes confidentiality and data-security obligations equivalent to, and no less protective than, those found in this Agreement, a copy of which is Attachment D hereto.

6. The Recipient agrees to conduct the Evaluation in a manner that does not permit the personal identification or re-identification of DOE parents or students, and shall not provide access to the Student Dataset to anyone other than Authorized Users with legitimate interests in the Student Dataset.

7. As required by New York Education Law §2-d, the Recipient shall (a) ensure that all Authorized Users with access to the Student Dataset are trained in their responsibilities under applicable law and understand the privacy and data-security obligations of this Agreement; (b) adhere to a data-privacy and security plan (the "Plan"), attached hereto as Attachment A, and shall maintain reasonable administrative, technical, and physical safeguards to protect the security, confidentiality, and integrity of the Student Dataset; (c) use encryption technology to protect the Student Dataset while in electronic transmission or in its custody from unauthorized disclosure; and (d) comply with the DOE Parents' Bill of Rights for Data Privacy and Security, attached hereto as Attachment B-1. The Recipient shall complete the Supplemental Information section, attached hereto as Attachment B-2, and append it to this Agreement.

8. The Recipient agrees that its Plan shall include (i) data-privacy protections, including processes to ensure that personally identifiable information is not included in public reports or other public documents; and (ii) data-security protections, which may include, as is reasonable under the circumstances, data-systems monitoring, data encryption, incident-response plans, limitations on access to the Student Dataset, safeguards to ensure that the Student Dataset is not accessed by unauthorized persons when transmitted over communication networks, and destruction of the Student Dataset when no longer needed in accordance with Section 11 of this Agreement. The Recipient shall neither retain nor incorporate any of the Student Dataset into any database or any medium other than as may be required for the Evaluation.

9. Pursuant to the requirements of 34 C.F.R. §§ 99.32 and 99.33, the Recipient agrees to maintain a log of all requests it receives from any third party (including parents, students, and parties authorized by parents or students) to amend, inspect, obtain copies of, or otherwise access the Student Dataset, and to provide copies of such log to the DOE upon request.

10. In the event that disclosure of the Student Dataset is required of the Recipient under the provision of any law, judicial order or lawfully issued subpoena, the Recipient will (a) promptly notify the NYC Office of Corporation Counsel of the obligations to make such disclosure sufficiently in advance of the disclosure, if possible, to allow the DOE to seek a protective order or to make any notifications required by law, and (b) disclose the Student Dataset only to the extent (i) allowed under a protective order, if any, or (ii) necessary to comply with the law or court order.

11. Pursuant to the requirements of 34 C.F.R. §99.35(a)(3)(C)(ii), the Recipient agrees to destroy the Student Dataset when it is no longer needed for the purpose of the Evaluation. The Recipient acknowledges and agrees that it must do so no later than the expiration of any right to appeal or seek certiorari from the final determination in the Action. The Recipient shall certify, in writing, that all of the foregoing materials have been destroyed in accordance with this Agreement via the "Certificate of Records Disposal" form attached to this Agreement as Attachment C.

12. The Recipient shall promptly notify the NYC Office of Corporation Counsel, without unreasonable delay, of any unauthorized release, use or disclosure of, or access to, the Student Dataset, whether by the Recipient, its Authorized Users or any other party that shall have gained access to the Student Dataset ("Reportable Data Event"). Moreover, to the extent (a) New York Education Law 2-d or any other law or regulation requires parties affected by the Reportable Data Event to be notified, and (b) the Reportable Data Event is not solely attributable to the acts or omissions of the DOE, the Recipient shall be responsible, at its own cost and expense, to notify in writing all persons affected by the Reportable Data Event. The Recipient agrees to assist and collaborate with the DOE in ensuring that required notifications shall be clear, concise, use language that is plain and easy to understand, and, to the extent available, include: (a) a brief description of the Reportable Data Event, the dates of the incident and the date of discovery, if known; (b) a description of the elements of the Student Dataset affected; (c) an estimate of the number of records affected; (d) a brief description of the investigation or plan to investigate; and (d) contact information for representatives who can assist parents or adult students that have additional questions. The Recipient shall provide any records or other information the DOE requires to investigate the incident or to effectuate the notifications.

13. This Agreement may be executed by the Parties hereto in separate counterparts, each of which when executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.

*Department of Education of the City of New York*

By: _____

Name: THOMAS B. ROBERTS

Title: ASSISTANT CORPORATION COUNSEL

*Pacific Legal Foundation*

By: _____

Name: OLIVER J. DUNFORD

Title: ATTORNEY

Recipient Acknowledgment

State of Florida }
 } ss.:
County of Palm Beach }

*Notary Public State of Florida*
*Karen S Woodson*
*My Commission GG 226958*
*Expires 10/06/2022*

On this __1__ day of __October__, 2019, before me, the undersigned, a Notary Public in and for said State, personally appeared one Oliver Dunford, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the entity or individual upon behalf of which the individual acted, executed the instrument.

_____ NOTARY PUBLIC

## Attachment A: Recipient Data Privacy and Security Plan

Recipient has hired Logikcull as its off-site document repository. Logikcull is SOC-II Type 2, GDPR, and Privacy Shield compliant. Logikcull's security standards and security-related information can be found here: https://www.logikcull.com/security and here: https://www.logikcull.com/privacy-policy.

Documents produced in connection with this Action will be stored by Logikcull in a stand-alone case-file, which cannot be accessed without a password. Recipient will limit access to this case-file to Pacific Legal Foundation attorneys assigned to the Action, their assistants and paralegal(s), Plaintiffs' expert witness(es), and to others if needed to support the attorneys and expert witness(es). Each person will have a unique password for access, and each will be required in conformity with paragraph 5 of this Agreement to read this Agreement and to execute a non-disclosure agreement that includes confidentiality and data-security obligations equivalent to, and no less protective than, those found in this Agreement, a copy of which is Attachment D to the Agreement.

Finally, so that documents produced pursuant to this Agreement are not stored on Recipient's servers, Recipient will work with Defendants' counsel so that these documents can be provided directly to Logikcull for storage. Recipient may, however, maintain hardcopies and electronic copies of these documents to the extent needed for purposes of this Action (e.g., filing a copy of a document with the Court, or using copies at depositions), pursuant to this Agreement and the Protective Order.

## Attachment B-1: DOE Parents' Bill of Rights for Data Privacy and Security

Both state and federal laws protect the confidentiality of information about your child that identifies him or her. Such information, which includes student-specific data, is known as "personally identifiable information." Under New York state's education law, if you are a parent of a child in the New York City public school district (the NYC DOE), you have the following rights regarding the privacy and security of your child's personally identifiable information and data.

(1) Your child's personally identifiable information cannot be sold or released for any commercial purposes.

(2) If your child is under age 18, you have the right to inspect and review the complete contents of your child's education records.

(3) Safeguards must be in place to protect your child's personally identifiable data when it is stored or transferred. These safeguards must meet industry standards and best practices. Examples of such safeguards include encryption, firewalls and password protection.

(4) You have the right to make complaints about possible breaches of student data and to have such complaints addressed. Complaints to the New York State Education Department ("SED") should be directed in writing to the Chief Privacy Officer, New York State Education Department, 89 Washington Avenue, Albany NY 12234, email to CPO@mail.nysed.gov. Complaints to the NYC DOE should be directed via email to data-security@schools.nyc.gov, or in writing to the Office of the Chief Information Officer, the Division of Instructional and Information Technology, New York City Department of Education, 335 Adams Street, Brooklyn NY 11201.

(5) You have additional rights as a parent, including additional privacy rights under federal law. They are found in the NYC DOE's Parents' Bill of Rights and Responsibilities, available here: https://www.schools.nyc.gov/school-life/policies-for-all/parents-bill-of-rights

(6) You can find a complete list of all of the types of student data that the SED collects at this web-link:
http://www.p12.nysed.gov/irs/sirs/documentation/NYSEDstudentData.xlsx

You may also obtain a copy of this list by writing to the Office of Information & Reporting Services, New York State Education Department, Room 863 EBA, 89 Washington Avenue, Albany, NY 12234.

## Attachment B-2: DOE Parents' Bill of Rights for Data Privacy and Security: Supplemental Information

*Entity Name: Pacific Legal Foundation*
*Evaluation: Admissions to the Specialized High Schools*

New York Education Law §2-d requires the New York City Department of Education (NYC DOE) to supplement its Parents' Bill of Rights for Data Privacy and Security with additional information concerning agreements under which personally identifiable student information (PII) is disclosed. In accordance with these provisions, it is necessary for you to provide the following. If an item is not applicable to your agreement, please explain why.

*(1) The exclusive purposes for which PII will be used:*
For an evaluation of admissions to the Specialized High Schools for classes entering in September 2016 through September 2020.

*(2) How you will ensure that the subcontractors or other authorized persons or entities that you will share the student data or teacher or principal data with, if any, will abide by data protection and security requirements required by your non-disclosure agreement with the NYC DOE:*
Recipient will follow the requirements set forth in Attachment A, including limiting access to Recipient's lawyers and staff assigned to work on the Action; requiring individual passwords for each person permitted access; limiting third-party access to those persons who assist Recipient with respect to the Action and requiring each person to sign the confidentiality statement as set forth in Attachment D.

*(3) When the non-disclosure agreement with the NYC DOE starts and ends and what happens to PII upon expiration of the agreement:*
This Agreement begins immediately upon entry by the Court, and it will continue through the end of the Action, including all appeals. At the end of the Action, Recipient will destroy copies of all documents subject to the Agreement, will confirm with all third-parties granted access that they have destroyed all documents subject to this agreement, and will instruct Logikcull to end this file and remove all documents it holds.

*(4) If and how a parent, student, eligible student, teacher or principal may challenge the accuracy of the student data or teacher or principal data that is collected:*
Pursuant to its contractual obligations, the Recipient will work with the NYC DOE in processing challenges to the accuracy of student data in the custody of the Recipient.

*(5) Whether the PII will be stored in the US or outside of the US (and if outside of the US, where), and the security protections taken to ensure such data will be protected (described in such a manner as to protect data security):*
Logikcull will maintain all PII on its servers. Recipient and any third parties to whom Recipient grants access will maintain all PII, to the extent they maintain copies at all, in the United States. PII data on Recipient servers will be encrypted at rest in their document-management system which requires dual-level authentication.

***(6) How the data will be encrypted (described in such a manner as to protect data security):***
Recipient and permitted third parties intend to use Logikcull for electronic discovery, Logikcull utilizes 256-bit AES encryption for data in transit and at rest. It is SOC-II Type 2, GDPR and Privacy Shield compliant. PII data on Recipient servers will be encrypted at rest in their document-management system which requires dual-level authentication.

Attachment C: Certificate of Records Disposal

## CERTIFICATE OF RECORDS DISPOSAL

☐ The information described below was destroyed in the normal course of business pursuant to organizational retention schedule destruction policies and procedures, and/or written agreement.

Description of Information Disposed Of/Destroyed:

### PERSON PERFORMING SANITIZATION

| Name: | | Title: | |
|---|---|---|---|
| Organization: | Location: | | Phone: |

### MEDIA INFORMATION

| Make/Vendor: | Model Number: |
|---|---|

Serial Number(s)/Property Numbers:

| Media Type: | Source (i.e., user name/property #): | | | |
|---|---|---|---|---|
| Data Classification: | Data Backed up? | ☐ Yes | ☐ No | ☐ Unknown |

Backup Location (if applicable):

### SANITIZATION DETAILS

| Method Type: | ☐ Clear | ☐ Purge | ☐ Damage | ☐ Destruct | ☐ Other: |
|---|---|---|---|---|---|
| Method Used: | ☐ Degauss | ☐ Overwrite | ☐ Block Erase | ☐ Crypto Erase | ☐ Other: |

Method Details:

Tool Used (include version):

| Verification Method: | ☐ Full | ☐ Quick Sampling | ☐ Other: |
|---|---|---|---|

Post-Sanitization Classification:

Notes:

### MEDIA DESTINATION

| ☐ Internal Reuse | ☐ External Reuse | ☐ Recycling Facility | ☐ Manufacturer | ☐ Other (specify in Details) |
|---|---|---|---|---|

Details:

### SIGNATURE

☐ I attest that the information provided on this Certification of Destruction and Sanitization is accurate to the best of my knowledge.

| Signature: | Date: |
|---|---|

### VALIDATION

| Name: | | Title: | |
|---|---|---|---|
| Organization: | Location: | | Phone: |
| Signature: | | | Date: |

**Attachment D:**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTA McAULIFFE INTERMEDIATE SCHOOL
PTO, Inc. et al,

                      Plaintiffs,

    vs.

BILL DE BLASIO, in his official capacity as Mayor of
New York, et ano.,

                      Defendants.

**AGREEMENT WITH RESPECT TO NON-DISCLOSURE AND NON-USE OF STUDENT DATASET**

18 CV 11657 (ER)(OTW)

---

I, _____, state that:

1. My address is _____.

2. My present occupation or job description is _____.

3. I have received a copy of the NON-DISCLOSURE / NON-USE AGREEMENT FOR AN EVALUATION OF AN EDUCATION PROGRAM (the "Agreement") approved and adopted by the Court in the above-captioned Action on _____.

4. I have carefully read and understand the provisions of the Agreement.

5. I will comply with all of the provisions of the Agreement.

6. I will hold in confidence, will not disclose to anyone not qualified under the Agreement, and will use only for purposes of the above-captioned Action, any document or information that is disclosed to me concerning or constituting all or part of the Student Dataset.

7. I will return all documents and information that are disclosed to me concerning or constituting all or part of the Student Dataset and all documents and things that I have prepared relating thereto, to counsel for Plaintiffs in the above captioned Action, not later than when requested by said counsel or upon the completion of the above captioned Action, whichever occurs first.

8. I hereby submit to the jurisdiction of the Southern District of New York for the purpose of enforcement of the Stipulation in this action.

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

Dated: _____