

February 21, 2020

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY  10007

Re: <u>*Christa McAuliffe Intermediate School PTO, Inc. v. Bill De Blasio*, 18 CV11657 (ER)(OTW)</u>

Your Honor:

We represent Plaintiffs in the above-referenced case. In conjunction with Defendants' simultaneous letter, we write to address a disagreement over Plaintiffs' continued standing in light of the Second Circuit's December 20, 2019, order. Recently, Plaintiffs served their second set of requests for production of documents on Defendants. In response, Defendants initiated a discussion regarding whether Plaintiffs still have standing to pursue their claims. The parties agreed to present our positions in letters to the Court and seek a conference regarding how to proceed. The following represents Plaintiffs' position on the matter.

### *Procedural History*

Plaintiffs include three organizations—the Christa McAuliffe Intermediate School PTO (the PTO), Chinese American Citizens Alliance of Greater New York (CACAGNY), and the Asian American Coalition for Education (AACE)—and three individual parents: Phil Wong, whose child was in eighth grade at the time the complaint was filed; Chi Wang, whose oldest child was in fourth grade; and Yi Fang Chen, whose child was in first grade. Plaintiffs filed the complaint in December 2018, seeking prospective injunctive relief to halt the implementation of Defendants' announced changes to the eligibility criteria and size of the Discovery program for admission to New York City's specialized high schools. Defendants elected to answer rather than move to dismiss.

Plaintiffs also sought a preliminary injunction, which Defendants opposed. In their opposition brief, Defendants asserted that none of the Plaintiffs had standing. Plaintiffs' reply brief argued that (1) the organizations had standing to sue in their own right under *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), because they had been forced to expend resources to counteract the effect of the new Discovery program; (2) the PTO and CACAGNY had associational standing to sue on behalf of their members under *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333 (1977); (3) Wong had standing because his daughter was competing for admission that cycle; and (4) the remaining individual plaintiffs did not face imminent harm so as to require the entry of a preliminary injunction. After permitting Plaintiffs to file supplemental declarations, this Court held that: (1) the organizations had standing to sue in their own right under *Havens Realty*; (2) the PTO and CACAGNY did not have associational standing because, alone among the circuits, the Second Circuit does not permit associations to raise Section 1983 claims on behalf of their members; (3) Wong had standing; and (4) Wang and Chen lacked standing because their children were too young to be imminently harmed by the policy. The Court ultimately denied Plaintiffs' motion for a preliminary injunction, and Plaintiffs appealed.

The Honorable Edgardo Ramos
February 21, 2020
Page 2

Defendants renewed their standing arguments in the Second Circuit. By this point, none of the individual plaintiffs sought the preliminary injunction—Plaintiffs conceded that Wong's claim for injunctive relief was moot since his child had completed the admissions process, and Wang and Chen never sought preliminary relief. With respect to the organizations, Defendants focused on an argument not raised in this Court—namely, that the organizations' declarations were insufficient because they failed to allege future injury, as would be necessary for the entry of injunctive relief. Plaintiffs responded that a fair reading of the declarations renders it unmistakable that the organizations were continuing and would continue to spend significant resources in opposition to the Discovery expansion until it was repealed or enjoined.

In a three-paragraph summary opinion, the Second Circuit affirmed the denial of the preliminary injunction. Although it agreed with Defendants that the organizational plaintiffs had not alleged future injury,[1] the Court of Appeals did not order this Court to dismiss any party for lack of standing. And indeed, the panel decision expressly contemplated further proceedings in the district court, indicating that it expected the standing problem to be easily cured. *See Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, 788 F. App'x 85, 86 (2d Cir. 2019) (mem.) ("Due to concerns of timeliness, the mandate shall issue forthwith and shall not prejudice plaintiffs in the filing of a renewed petition for a preliminary injunction, or in applications for expedited discovery, including depositions of relevant officials.").

*Plaintiffs' Position*

The organizations can easily establish standing through revised or supplemental declarations detailing additional expenditures of time and money and particularly stating that the organizations will *continue* to spend resources indefinitely absent an injunction. Perhaps due to its outlier position on associational standing, the Second Circuit has interpreted *Havens Realty* broadly, requiring "only a 'perceptible impairment' of an organization's activities" to demonstrate the necessary injury. *Nnebe v. Daus*, 744 F.3d 147, 157 (2d Cir. 2012) (quoting *Ragin v. Harry Macklowe Real Estate Co.*, 6 F.3d 898, 905 (2d Cir. 1993)). And "so long as the economic effect on an organization is real, the organization does not lose standing simply because the proximate cause of that economic injury is 'the organization's noneconomic interest in encouraging [a particular policy preference].'" *Id.* (quoting *Havens Realty*, 455 U.S. at 379 n.20). Indeed, this Court has already held that the organizations' expenditure of time and money opposing the Discovery expansion is sufficient to confer standing. *Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, 364 F. Supp. 3d 253, 272 (S.D.N.Y. 2019).

The Second Circuit did not abrogate that holding. Instead, it merely read the organizations' declarations narrowly as alleging only retrospective expenses. *See Christa McAuliffe*, 788 F. App'x at 85-86. But the organizations have not stopped expending resources opposing the Discovery expansion and supporting alternative admissions policies that they view as fair and non-discriminatory. They will continue allocating resources to this problem until it is fixed, either through repeal

---

[1] The Second Circuit decision did not address the standing of any of the individual plaintiffs. Presumably, it declined to do so because Plaintiffs conceded that Wong's claim for injunctive relief was moot and did not list the other two plaintiffs on the notice of appeal.

The Honorable Edgardo Ramos
February 21, 2020
Page 3

or injunction. This continued resource allocation is not merely voluntary, but is "essential to fulfilling [the organizations'] core mission[s]." *N.Y. State Citizens' Coal. for Children v. Velez*, No. 10-CV-3485, 2016 WL 11263164, at *6 (E.D.N.Y. Nov. 7, 2016), report and recommendation adopted, 2017 WL 4402461 (E.D.N.Y. Sept. 29, 2017)). As a result, the organizations can easily establish standing with further declarations clearly alleging that their spending and advocacy will continue so long as the situation persists.

Under Second Circuit precedent, this suffices for an organization to seek injunctive relief. *See Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 107, 110-11 (2d Cir. 2017) (organization had standing to seek injunctive relief against an ordinance regulating road-side employment solicitation); *Nnebe*, 644 F.3d at 157 (taxi driver organization had standing to seek an injunction against a policy that automatically suspended taxi drivers' licenses upon arrest). The common thread among the Second Circuit cases is that the *Havens Realty* expenditures are sufficient because "[c]ontinued harm depends not on the new affirmative actions of a third party but simply on the continuation of an existing state of affairs, and as such is not speculative." *Velez*, 2016 WL 11263164, at *6. In other words, absent an injunction, the organizations are compelled to continue draining their resources opposing the policy. That is why they have standing to seek prospective relief.

Plaintiffs also maintain that individual plaintiffs Wang and Chen have standing. Wang's oldest child is now in fifth grade, and will likely be nearing seventh grade by the time Plaintiffs are able to file a dispositive motion with this Court. As before, Wang can declare that her child will seek admission to the specialized high schools in eighth grade. If Wang lacks standing at this stage, then it is all but impossible for an individual plaintiff to obtain injunctive relief in a case challenging an admissions policy. At the very least, a fifth grader may establish non-speculative injury for the purposes of challenging a high school admissions policy.

None of the plaintiffs have been dismissed for lack of standing; indeed, no dispositive motion has been filed. As such, Plaintiffs submit that if Defendants want to dispute Plaintiffs' standing, they must either seek permission from the Court to file a motion to dismiss or present their standing argument in a motion for summary judgment at the close of disparate impact discovery. Plaintiffs would oppose a motion for leave to move to dismiss at this stage, primarily because it would unnecessarily interrupt the discovery process to litigate a deficiency that can be easily cured with supplemental declarations. If Defendants were granted leave to file a motion to dismiss, Plaintiffs would furnish such declarations in opposition to the motion.

In short, the Second Circuit's affirmance of the preliminary injunction denial presents only a minor, temporary obstacle to establishing the organizations' standing to maintain this suit. Because the organizations may overcome that obstacle with supplemental declarations, neither a stay of discovery nor leave to file a motion to dismiss is warranted. That is especially true because this Court already held that the organizations' allegations of past spent resources were sufficient to establish standing. Plaintiffs therefore request that the Court allow discovery to proceed, with Defendants of course retaining the ability to raise standing in a dispositive motion at the close of discovery.

The Honorable Edgardo Ramos
February 21, 2020
Page 4

                                          Sincerely,

                                          */s/ Christopher M. Kieser*

                                          JOSHUA P. THOMPSON*
                                          WENCONG FA*
                                          OLIVER J. DUNFORD*
                                          CHRISTOPHER M. KIESER*
                                          GLENN E. ROPER*
                                          Counsel for Plaintiffs

                                          **Admitted Pro Hac Vice*