

| | THE CITY OF NEW YORK | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Marilyn Richter**<br>Phone: (212) 356-2083<br>mrichter@law.nyc.gov |

February 21, 2020

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, N.Y. 10007

      Re: *Christa McAuliffe Intermediate School PTO, Inc. v. Bill De Blasio*,
           18cv11657 (ER)(OTW)

Dear Judge Ramos:

      This letter is submitted on behalf of defendants in accordance with the parties' agreement to simultaneously submit letters setting out their respective positions concerning plaintiffs' standing. Counsel for the parties have had two telephone discussions about this issue prior to the submission of this letter and have agreed to proceed in this fashion. Both sides agreed to request a conference with Your Honor.

      It is defendants' position that at this juncture, there are no parties with standing to seek the relief now being requested in this matter – a permanent injunction[1] enjoining the continued use of the challenged Discovery Program practices: 1) a definition of disadvantaged which includes attendance at a high-poverty school (i.e., a school with an Economic Need Index of at least 60%); and 2) an increase in the number of seats in the Specialized High Schools allotted to the Discovery Program above the 252 seats allotted for the Program in school year 2018-2019.

      In its summary order of December 20, 2019, the Second Circuit held:

---

[1] The same lack of standing would apply if plaintiffs were to seek, as an interim measure, a preliminary injunction enjoining the same challenged practices for the 2021-2022 school year.

Second, even if the organizations have standing to assert claims on their own behalf, they have not demonstrated an injury sufficient to secure injunctive relief, since their purported injury—expenditure of monetary resources on advocacy against the City's change to its specialized high school admissions process—is entirely retrospective. As we have noted, in order to secure "injunctive or declaratory relief," plaintiffs "cannot rely on past injury to satisfy the injury requirement but must show a likelihood that [they] will be injured in the future." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998).

The Circuit's ruling that the organizational plaintiffs lack standing to seek injunctive relief is equally applicable to the one individual plaintiff who had standing in this case. Pursuant to this Court's decision in March 2019, *Christa McAuliffe Intermediate Sch. PTO, Inc. v De Blasio*, 364 F. Supp.3d 253, 273 (SDNY 2019), only Mr. Wong, had standing. His daughter is Asian-American, and was then in the eighth grade in a New York City public school during the 2018-2019 school year. She took the SHSAT in October 2018 and hoped to attend a Specialized High School in the 2019-2020 school year. *Id.* at 272. This Court found that her allegation, that defendants' challenged Discovery Program changes "den[y] her the right to compete on an equal basis with other students on account of her race" while she is "currently going through the specialized school admissions process," conferred standing, because "her injury is no longer speculative, but actualized." *Id.* at 272, 273.

However, Wong's daughter is no longer going through the specialized school admissions process; for her that process was completed in June 2019. Accordingly, any alleged injury suffered by Wong's daughter is entirely retrospective. Wong has not asserted and cannot show a likelihood that his daughter will suffer injury in the future, and accordingly he does not have standing to seek injunctive or declaratory relief.

As for the other two originally-named individual plaintiffs, Mr. Chen and Mr. Wang, this Court found that they did not have standing, because their children are years away from applying for admission to a Specialized High School, and thus their claimed injuries were neither actual nor imminent. *Christa McAuliffe, supra*, 364 F.Supp.3d at 272 (citing *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 564 (1992)). These two plaintiffs are both parents of young children – as of March 2019, Chen's son was in first grade and thus it would be seven years before he applied to high school and Wang's oldest child was in fourth grade and thus four years away from applying. Plaintiffs did not appeal this Court's finding that Chen and Wang did not have standing.

The passage of approximately one year has not made these two plaintiffs' claimed injuries actual or imminent. Presumably, Chen's son is now in second grade, and thus six years away from applying to high school, and Wang's oldest child is now in fifth grade, and thus three years away from applying to high school. Accordingly, neither Chen nor Wang have standing to seek injunctive relief.

Thus, at present there is no plaintiff who has standing. Accordingly, defendants wish to move to dismiss the complaint for lack of standing, and respectfully request a pre-motion conference to discuss this proposed motion.

However, defendants understand, based on discussions with plaintiffs' counsel, that plaintiffs may present the Court with alternative proposals to attempt to address the standing issue. If plaintiffs present such proposals to the Court, defendants will subsequently respond to any such proposals.

In the interim, defendants request a stay of discovery. Plaintiffs served a second set of document requests in late January. It is defendants' position that since there is now no plaintiff with standing, there is now no jurisdiction over this case and the document requests are void. However, based on the understanding that plaintiffs may propose measures that may attempt to address the standing issue, the parties agreed to extend the time to respond to those requests until March 11, 2020, with an understanding that defendants would ask the Court to stay discovery until the Court determines whether there is a plaintiff with standing.

Respectfully,

*Marilyn Richter* (signature)

Marilyn Richter
Thomas B. Roberts
Assistants Corporation Counsel